THE STATE OF VERMONT *v.* PERRY COOK.

*Indictment. Pleading. Statute.*

An indictment for violation of the statute, (§ 29, ch. 119, G. S.,) in relation to the enlistment of men, alleged that the respondent, "at Fairfax,"&c., "without due authority, from this state or the United States, did enlist," &c., "one Edward Orton, of Fairfax, a person in this state," &c. *Held,* upon demurrer, that the language of the indictment was sufficient to establish the fact that the enlistment took place in this state.

The indictment charges the offence in the words by which the statute creates and describes it. *Held,* that the general, recognized rule requires no more, in complaints for this class of offences.

*Held,* that the words " in this state" after the word "person" are surplusage, and might be omitted, not only in the indictment, but also in the statute, without in the least altering the force of either.

INDICTMENT for violation of the statute (§ 29, ch. 119, G. S.,) in relation to the enlistment of men within this state for military service without the state. It alleged that "Perry Cook, of Fairfax, in the county of Franklin, on the 26th day of July, 1864, at Fairfax, aforesaid, with force and arms, without due authority from this state or the United States, did enlist, recruit and employ, one Edward Orton, of Fairfax aforesaid, a person in this state," &c. The respondent demurred to the indictment because it did not appear that Edward Orton was in this state at the time the offence was alleged to have been committed, but the court, ALDIS, J., presiding, rendered judgment overruling the demurrer,—to which the respondent excepted.

*Edson & Rand* and *Dewey & Noble,* for the respondent.

*D. R. Bailey,* State's Attorney, for the prosecution.

· The opinion of the court was delivered by

STEELE, J. The section of the statute upon which the indictment is founded is as follows: " If any person without due authority from this state or the United States shall hereafter enlist, recruit or employ, or attempt to enlist, recruit or employ any person in this state for military service without this state, he shall be guilty of an offence against the laws of this state, and shall be punished by a fine not less than fifty dollars nor more than one hundred dollars, or by imprisonment in the county jail not less than thirty days nor more than one year." G. S., p. 695, § 29. The respondent has specially demurred to the indictment because it does not allege with certainty

that the person enlisted was in this state at the time of enlistment. It is claimed that the words of indictment " Edward Orton of Fairfax aforesaid, a person in this state" define where Edward Orton was at the time of indictment, and not at the time of enlistment, and that the expression should have been : Edward Orton of Fairfax aforesaid, a person *then* in this state, and the word *then* relating back to the day when the enlistment is charged to have occurred.   To support this view the respondent relies not only upon the well established rule which requires certainty as to time and place in each material allegation of an indictment but also and especially upon the authority of the case of Sir Nicholas Poynts, Cro. Jac., p. 214, which has been referred to and approved by numerous decisions and by nearly all the elementary writers to this day, in which it was held that a complaint for forcible entry which described the land as " being the freehold of J. B." was insufficient, " because it was not alleged *ad-tunc existens*, for it may be that at the time of indictment it was the freehold of J. B., but not at the time of entry.

1.　The general rule requiring certainty of averment of time and place may never be disregarded in alleging the *acts* complained of. It does not apply to those descriptive or definitive portions of the indictment, whose office it is to so qualify or limit the object acted upon as to show it to be the proper subject of complaint, unless time or place is an element necessary to constitute it a proper subject, and the existence of this element would be susceptible of question if not averred.   Upon this principle much of the apparent conflict of authorities upon this subject is reconcilable.　See Chitty Crim. Law, pp. 220–1 ;　Wharton Am. Prec., p. 2 ;　2 Ben. & Heard's Dig., p. 12, note ; *Comm'h* v. *Sullivan*, 6 Gray, 477 ; *Same* v. *Barker*, 12 Cush. 186.

The qualifying expression " being the freehold of J. B.," in the case from Croke is upon this principle distinguishable from the qualifying expression " in this state" in the case before us, so far as the importance of connecting them in time with the main charge is concerned.   The entry upon the land might have been at the time and the place alleged, and yet the land not have been at the same time the freehold of J. B., but the enlistment could not have been as alleged at Fairfax, in the county of Franklin, in the state of Vermont,

State *v.* Cook.

unless the man was *at that time* in this state. The entry created no inference as to the ownership of J. B. The enlistment leaves no doubt of Edward Orton's being where he was enlisted. So in *Commonwealth* v. *Sullivan*, 6 Gray, 477, the words "a female child under the age of ten years," leave no question, for she could not have been older at the time of the offence than at the time of the indictment.

2. The indictment charges the offence in the words by which the statute creates and describes it. The general rule recognized both in England and this country, and in a late Vermont case, *State* v. *Jones*, 33 Vt. 443, requires no more. This rule does not apply to complaints upon those statutes which describe an offence by its common law name. It does apply to indictments upon a statute which is of itself complete, and which, by creating, defines the offence. In indictments upon such statutes the rule does not obviate the necessity of the substantive averment of time and place, but does often dispense with the need of that repetition of reference to it, which, it is usual to connect with the allegation or charge of each constitutive element of a common law offence.

3. We think the words " in this state" after the word "person" might be omitted not only in the indictment, but also in the statute, without in the least altering the force of either. They are surplusage in the statute, if it is true that penal laws are presumed to have no extra territorial application where they do not expressly provide for it, a principle which is, we conceive, well settled. 23 N. Y. Rep. 465 ; 27 Barb. 248, and cases cited. If the words "in this state" are construed as relating to the verbs "recruit, enlist, and employ," they simply limit the prohibition of the statute to this state by express words, which is the limit without them. If they are construed as relating to the word " person," still, the enlistment must be in this state to constitute a violation of the penal law of this state, and if the enlistment is here the " person" would necessarily be here when enlisted. These words therefore add no more to the legal force of the statute, than do the subsequent words " he shall be guilty of an offence against the laws of this state," a fact that is quite naturally implied in the circumstance that he becomes liable to a year's imprisonment in the county jail.

Carlisle et ux. *v*. Sheldon.

The judgment of the county court overruling the demurrer is affirmed, and the indictment is adjudged sufficient.

The respondent had leave to withdraw his demurrer, a repleader was granted, and the case was remanded to the county court for trial on motion of the respondent's counsel.