# CHITTENDEN COUNTY.

## JANUARY TERM, 1872.

[ CONTINUED FROM ANTE PAGE 234. ]

---

STATE OF VERMONT *v.* MARTIN CLARK.

*Criminal Law. Officer. Chief of Police. Process. Service. Complaint. Pleading.*

The official act of the chief of police of the city of Burlington, in serving a warrant, was valid as to the public, and as to third persons, whether at the same time he held another office under the United States incompatible with this or not.

The proceeding could be moved to judgment against the respondent, only upon his appearance as a party to it, and when he so appeared the proceeding would be valid in that respect, whatever the warrant or service which brought him before the court may have been.

Where the allegation as to time in a liquor complaint was, "on the 4th day of November, 1871," it was *held* equivalent to "on the 4th day of November in the year of our Lord, 1871 "

Where the complaint set forth, that the liquors were kept at the respondent's "store, shop, and dwelling-house adjacent thereto," "with intent to sell, furnish, and give away *the same*, without authority" &c., it was *held* to be but one act of owning, &c., and the complaint was not double.

The words, *the same*, refer with sufficient directness to the intoxicating liquors previously mentioned, to amount to an allegation that the respondent owned, kept and possessed them, with the intent to sell, furnish, and give them away.

This was a complaint in the following words:

STATE OF VERMONT, ⎱ To the Honorable city court, CITY OF BURLINGTON, SS. ⎰ within and for the city of Burlington, in the county of Chittenden, comes Charles E. Allen, grand juror, within and for the city of Burlington, in said county, in his proper person, and on his oath of office complains that Martin Clark, of the said city of Burlington, on the 4th day of November, 1871, at his store, shop and dwelling-house, adjacent thereto, situate on the westerly side of Champlain street, between Pearl and Cherry street, in the said city of Burlington, did own, keep and

possess certain, to wit: eleven packages, each containing intoxi- cating liquor, to wit: one cask containing a quantity of whisky, and marked thirty-six gallons; one cask containing a quantity of whisky and marked forty-three gallons; two sixty-four gallon casks, each containing a quantity of stock ale, and seven barrels, each containing a quantity of strong beer, with intent to sell, furn- ish and give away the same, without authority, contrary to the provisions of chapter ninety-four of the General Statutes of the said State of Vermont, entitled "of the traffic in intoxicating drinks," and against the peace and dignity of the State.

CHARLES E. ALLEN,

City Grand Juror.

Upon this complaint a warrant was issued, directed to " any sheriff or constable in the State."

Upon this warrant was the following return:

STATE OF VERMONT, )
CHITTENDEN COUNTY, ss. )

BURLINGTON, November 25, 1871.

Then by virtue of this warrant, I arrested the body of the within named Martin Clark, read the same in his hearing, and now have him here in court. Attest,

N. B. FLANAGAN, Chief of Police.

The respondent pleaded in abatement, that said warrant was served by said Flanagan, as chief of police for the city of Bur- lington, and in no other capacity and by no other person. Also that said Flanagan, at the time he served said warrant, held the office of deputy collector of internal revenue, under and by vir- tue of the authority and laws of Congress of the United States, within and for the third congressional district of Vermont, which was an office of profit and trust, whereby he was ineligible to hold said office of chief of police, and from exercising the same.

To this plea in abatement the prosecution demurred. The court sustained the demurrer, adjudged that the plea in abatement was insufficient, and that the respondent should answer over—to which the respondent excepted.

The respondent then offered another plea in abatement, identi- cal with the former one, except that it alleged that said Flanagan, while acting as chief of police, of the city of Burlington, and while serving said warrant as such, held the office of deputy mar-

shal of the United States, within and for the district of Vermont, being an office of profit and trust under the authority of Congress, instead of the office of deputy collector of internal revenue, described in the former plea.

The court decided that this second plea was of the same kind and degree as the former plea, and that it therefore was not admissible, and refused to receive it, to which the respondent excepted.

The respondent then demurred generally to the complaint. The court, *pro forma*, overruled the demurrer, adjudged the complaint sufficient and the respondent guilty, to which the respondent excepted.

*R. H. Start*, for the respondent.

*W. L. Burnap*, State's Attorney, for the State.

The opinion of the court was delivered by

WHEELER, J. The person who served this warrant held the office of chief of police *de facto*, which carries with it all the powers of a constable. Gen. Stats., 1870, 1039, § 2. Whether at the time he served the warrant he held another office incompatible with this or not, his official act serving the warrant was valid as to the public and as to third persons. *McGregor* v. *Balch*, 14 Vt., 428 ; *Woodcock* v. *Bolster*, 35 Vt., 632. And further, the warrant is no part of the complaint, but is a process founded on the complaint, issued merely to bring the respondent into court. The proceeding could be moved to judgment against the respondent only upon his appearance as a party to it, and when he so appeared the proceeding would be valid in that respect, whatever the warrant or service which brought him may have been. These reasons would have been sufficient for either rejecting or overruling both pleas, and were sufficient for overruling one and rejecting the other.

The reasons given for the decision in *State* v. *Cook*, 38 Vt., 437, are a sufficient answer to all the material objections made by the respondent to this complaint except the one as to the allega-

State *v.* Clark.

tion of time, the one as to duplicity and the one as to what the complaint alleges the respondent intended to sell, furnish and give away.

As to the first of these, no era but the Christian era is in use here. The figures, " 1871," immediately follow the words, " on the 4th day of November," and by common understanding refer to the year of the era in use, and, together, the allegation is equivalent to, on the 4th day of November in the year of our Lord 1871, expressed in any other manner. REDFIELD, J., *State* v. *Gilbert*, 13 Vt., 651; 1 Am. Cr. Law, by Wharton, § 266.

As to the second, this complaint sets forth but one act of owning, keeping and possessing with the unlawful intent, and is not double. *State* v. *Newton*, 42 Vt., 537.

As to the other objection, the words *the same* refer with sufficient directness to the intoxicating liquors previously mentioned, to amount to an allegation that the respondent owned, kept and possessed them with the intent to sell, furnish and give them away.

The judgment of the city court, that complaint is sufficient, affirmed.

On motion of respondent judgment of guilty reversed *pro forma*, and cause remanded, with liberty to respondent to plead over.