STATE *v.* BENJAMIN.*

*Indictment. Intoxicating Liquor. Gen. Sts. c. 94, s. 44.*

An indictment under s. 44, c. 94, of the Gen. Sts., alleged that the respondent did knowingly aid a person named, in procuring intoxicating liquor to be disposed of for other purposes than those recognized as lawful by the laws of the state. *Held* bad on demurrer, for not stating the facts claimed to constitute the crime, and for not alleging that the respondent knew that the liquor was to be disposed of for an unlawful purpose, and for not alleging what that purpose was.

INDICTMENT under s. 44, c. 94, of the Gen. Sts., for knowingly aiding in procuring intoxicating liquor to be disposed of for illegal purposes. The indictment alleged that the respondent at, &c. on, &c., " then and there professing to act as an agent for certain parties without the state of Vermont unknown to the grand jurors, knowingly did aid Stephen R. McGaffey, of Lyndon aforesaid, in procuring intoxicating liquor, said intoxicating liquor then and there to be disposed of for other purposes than those recognized as lawful by the laws of Vermont, and said Stephen R. McGaffey then and there not being an authorized agent for the sale of intoxicating

*Decided at the August Term, 1874.

liquor in the state of Vermont." There was a demurrer to the indictment. The court at the June Term, 1874, Ross, J., presiding, overruled the demurrer, *pro forma,* and adjudged the indictment sufficient; to which the respondent excepted. The respondent then pleaded guilty, for the purpose of having the questions raised on demurrer disposed of.

*L. P. Poland,* for the respondent.

The indictment is defective in not alleging any *scienter* by the defendant that the liquor he aided in procuring was to be disposed of for an unlawful purpose. It is defective also in not stating the unlawful purpose to which the liquor was intended to be put. It is claimed that the indictment is good because it follows the language of the statute. But the rule of construction applied to statutes is very different from that applied to indictments, and the disregard of criminal precedents, authorized by some portions of the liquor code, does not apply to nor affect prosecutions under this section.

*Elisha May,* state's attorney, for the state.

The indictment follows the statute. *State* v. *Little,* 1 Vt. 331; *State* v. *Vt. Central Railroad,* 28 Vt. 583; *State* v. *Jones,* 33 Vt. 443; *State* v. *Cook,* 38 Vt. 437; *State* v. *Stinson,* 4 Zab. 478; *State* v. *O'Neal,* 7 Ire. 251; *Commonwealth* v. *Roland,* 12 Gray, 132; 1 Bishop Crim. Law, s. 360, n. 2. If the respondent insists upon greater particularity in the indictment than would be had by following the words of the statute, he must show that from the obvious intention of the Legislature or the known principles of the law, the case falls within some exception to the general rule. *Whitney* v. *State,* 14 Conn. 487. This is not like an indictment for obtaining goods under false pretences. *State* v. *Keach,* 40 Vt. 113; Archb. Crim. Pl. & Ev. 43. The statute uses the word *aid,* and that word defines the crime, and is itself defined by the word *knowingly,* and *knowingly* supplies the place of a positive averment that defendant knew the facts subsequently stated. 1 Bishop Crim. Proced. ss. 265, 281, n. 1.

The opinion of the court was delivered by

ROYCE, J. The indictment in this case is founded on s. 44, c. 94, of the Gen. Sts. There is no form prescribed by the statute to be used in prosecutions under this section, and hence the sufficiency of the indictment must be determined by the rules of the common law applicable to the subject. The object of an indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defence, and avail himself of his conviction or acquittal for protection against a further prosecution for the same charge ; and second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of law. A crime is made up of acts and intent, and they must be set forth in the indictment with reasonable particularity of time, place, and circumstances; and the accused has the right to have the charge against him thus stated, in order that he may decide whether he should present his defence by motion to quash, demurrer, or plea, and that the court may determine whether the facts will sustain the indictment. The want of a direct allegation of anything material in the description of the substance, nature, or manner of the crime, cannot be supplied by any intendment or implication whatsoever. *King* v. *McGregor*, 3 B. & P. 106. And while it is true that an indictment founded upon a statute must follow the words of the statute, and state all the circumstances enumerated by it in defining the offence, it frequently happens that such a description is not in itself sufficiently minute and specific. In *Rex* v. *Sparling*, 1 Str. 497, the respondent was tried upon an information charging that he did profanely swear fifty-four oaths, and profanely curse one hundred and sixty curses, *contra formam statuti;* and the witness being sworn, did depose that the respondent swore fifty-four oaths and one hundred and sixty curses, and the justice adjudged him guilty of the premises. Upon a motion to quash the conviction, the court of King's Bench held the conviction naught, because the oaths and curses were not set forth, and say, that what is a profane oath or curse is matter of law, and that it is a matter of great dispute among the learned,

what are oaths, and what curses. And in indictments founded upon the English statutes against obtaining money or goods by false tokens or false pretences, it has always been held to be necessary to specify in the indictment the false pretences, false tokens, or other means by which the offence has been committed. 4 Comyn Dig. 687. In *State* v. *Keach et als.* 40 Vt. 113, the indictment was for a conspiracy to defraud by the use of divers false pretences and subtle means and devices. The court held that the means by which the purpose to defraud was to be effected must be set forth, that it might be seen that it was a conspiracy to effect the proposed object by illegal means. We have a statute which makes it penal to break open, or to counsel, aid, or assist in breaking open, any jail or place of confinement. It would not be claimed that an indictment on that statute, and following the words of the statute, without specifying how, or in what manner, the party accused aided or assisted, or what counsel he gave, would be sufficient. It is the right of the party accused to have the facts which it is claimed constitute the crime, appear of record, that he may have the judgment of the court upon the question whether they do constitute the crime or not. Testing this indictment by these rules, we think it is defective in not setting forth how, or in what manner, the respondent aided in procuring the intoxicating liquors. The indictment is also bad for that it is not alleged that the respondent knew that the liquor was to be disposed of for an unlawful purpose, and for what purpose. The allegation that it was to be disposed of for other purposes than those recognized as lawful by the laws of Vermont, is subject to the objections and criticism hereinbefore made.

The question whether the purpose it was to be disposed of for was a lawful one or an unlawful one, might become a question of law, when the facts defining the use it was to be put to should be placed upon the record.

Demurrer sustained, indictment adjudged insufficient, and judgment reversed.