## STATE *v.* JAMES HIGGINS.

*Criminal Law. Intoxicating Liquor. Agent for another Person or Firm. Indictment.*

.1. The Act of 1874, No. 25, against selling intoxicating liquors, as agent for any other person, or firm, traveling from place to place, &c.,—construed.

2. Under this act, a complaint is defective on demurrer, which does not name the *persons or firms for whom the respondent acted as agent, or from whom, or for whom, he took orders.*

3 As the statute provides no form of complaint, the common law must be followed.

4. *State* v. *Munger,* 15 Vt 295, commented on.

5. Where the name of the third person is unknown, and there has been no negligence in not finding it out, it is ordinarily sufficient to state that it is unknown.

6. The charge must be laid *positively,* and not *inferentially.* And it is not always sufficient to charge the offence in the words of the statute; though it is in many cases; but this depends on the manner of stating the offence in the statute.

THIS cause was heard at the June Term, 1880, Caledonia County, Ross, J., presiding.

It was a complaint before a justice of the peace for an alleged violation of the statute in procuring and transporting intoxicating iquors. The defendant demurred to the complaint. The court, *pro forma*, adjudged the complaint sufficient. The defendant excepted to the ruling of the court. The court ordered the exceptions to the Supreme Court for hearing, before taking further proceedings. Exceptions allowed.

### COMPLAINT.

State of Vermont, Caledonia County, ss.　To Walter P. Smith, Esq., one of the justices of the peace within and for the county of Caledonia, comes G. W. Ward, police and informing officer for the village of St. Johnsbury, for the county of Caledonia, in his proper person, and on his oath of office, makes complaint; that James Higgins, of St. Johnsbury, in the county of Caledonia, on the 23d day of August, A. D., 1879, at St. Johnsbury aforesaid, within the village of St. Johnsbury, did at divers times act as the agent for other persons and firms, for the sale of intoxicating liquors, and did, then and there, take orders from divers persons for other persons and firms for intoxicating liquor, said other persons not, then and there, being lawfully authorized and appointed agents in this State for the sale of liquors ; and did, then and there, aid, abet and assist certain other persons and firms to sell and furnish intoxicating liquors, all without authority, contrary to the form and effect of the statute in such case made and provided, and against the peace and dignity of the State ; also, that the said James Higgins, at St. Johnsbury aforesaid, within the village of St. Johnsbury, on the 23d day of August, A. D., 1879, did at divers times aid, abet and assist certain persons and firms, whose names to the said complainant are unknown, to sell, furnish, and give away, at St. Johnsbury aforesaid, intoxicating liquors without authority, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State ; also, that the said James Higgins, at St. Johnsbury aforesaid, within the village of St. Johnsbury, on the 23d day of August, A. D., 1879, did aid, abet and assist certain persons and firms, not resident or doing business in this State, whose names to the said complainant are unknown, to sell, furnish and dispose of intoxicating liquor at St. Johnsbury aforesaid, without authority, by then and there stating to divers persons, whose names to said complainant are unknown, the prices of said liquors, and by then and there taking orders from said last-named persons for such liquors, and by then and there forwarding such orders to said first-named

persons and firms, and by then and there delivering such liquors to said last-named persons, contrary to the form and effect of the statute in such case made and provided, and against the peace and dignity of the State.

### JUSTICE'S RECORD.

" State of Vermont, Caledonia County, ss. Be it remembered, that at a justice court, holden at St. Johnsbury, in the county of Caledonia, on the 27th day of August, A. D., 1879, before Walter P. Smith, a justice of the peace within and for said county of Caledonia, James Higgins, of St. Johnsbury, in the county of Caledonia, was brought to answer to a complaint exhibited to the said justice by G. W. Ward, police and informing officer for the village of St. Johnsbury, who complains that James Higgins, of St. Johnsbury, in the county of Caledonia, on the 23d day of August, A. D., 1879, at St. Johnsbury aforesaid, within the village of St. Johnsbury, did at divers times act as the agent for other persons and firms, for the sale of intoxicating liquors, and did then and there take orders from divers persons for other persons and firms for intoxicating liquor, said other persons not then and there being lawfully authorized and appointed agents in this State for the sale of liquors, and did then and there aid, abet and assist certain other persons and firms to sell and furnish intoxicating liquors, all without authority, contrary to the form and effect of the statute in such case made and provided, and against the peace and dignity of the State.

"Also, that the said James Higgins, at St. Johnsbury aforesaid, within the village of St. Johnsbury, on the 23d day of August, A. D., 1879, did at divers times aid, abet and assist certain persons and firms, whose names to the complainant are unknown, to sell, furnish and give away, at St. Johnsbury aforesaid, intoxicating liquor, without authority, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

" Also," . . . following the complaint, *verbatim*.

This complaint was based on the statute of 1874, No. 25, which is as follows :

SEC. 1. Any person within the state of Vermont, who shall act as the agent of any other person or persons, firm or firms, for the sale of spirituous or intoxicating liquors, or who shall travel from place to place within the state, selling, furnishing, disposing of or giving away spirituous or intoxicating liquors, for any other person or persons, firm or firms, or who shall take any order or orders for any other person or per-

13

sons, firm or firms, or who shall be instrumental in any way, in causing any order or orders to be sent to any other person or persons, firm or firms, other than a lawfully authorized and appointed agent in this state for the sale of liquors, for any kind of spirituous or intoxicating liquors, or who shall in any way, directly or indirectly, aid, abet or assist any other person or persons, firm or firms, to sell, furnish or give away, or in any manner dispose of any spirituous or intoxicating liquors within this state, or who shall carry or exhibit, or cause to be exhibited, any sample or samples of any spirituous or intoxicating liquors, or give, state, show or in any way indicate the price or prices of the same, with a view to induce any person or persons to purchase said liquors, or such liquors, as said sample or samples represent, shall be adjudged guilty of an offence against chapter ninety-four of the general statutes, and shall forfeit and pay for each offence, to the treasurer of the state upon the first conviction, one hundred dollars and costs of prosecution ; on the second conviction, he shall forfeit and pay for each offence as aforesaid, three hundred dollars and the costs of prosecution; and on the third and all subsequent convictions, he shall forfeit and pay for each offence, as aforesaid, five hundred dollars and the costs, and shall also be imprisoned in the county jail for a term not exceeding six months; provided, that nothing in this act be construed to prevent the selectmen of any town in this state from purchasing intoxicating liquors for the purposes set forth in said chapter ninety-four.

SEC. 2. The prosecutions under this act shall be in accordance with and shall conform to the provisions of chapter ninety-four of the general statutes.

*Belden & Ide*, for the State.

The offence aimed at by the act, is, that of being an agent, directly or indirectly, in procuring intoxicating liquor for the use of, or to be sold by, other persons in this State. The act names many ways in which this may be done, but although they may all be done by the same person in one transaction, they constitute but one offence. The allegations that the respondent " acted as the agent," " took orders," and " aided and assisted," are simply statements that he did several of the things which, by the terms of the act, constitute the crime. This whole subject is fully discussed in *State* v. *Matthews*, 42 Vt. 542. For further decisive authorities we cite, *Commonwealth* v. *Twitchell*, 4 Cush. 74 ; *Commonwealth* v. *Eaton*, 15 Pick. 273 ; *State* v. *Morton et al.*, 27 Vt. 314 ; Whart. Crim. Law, vol. 1, s. 390.

The count is not bad because it does not name the persons from whom orders were taken, or the persons or firms for whom the orders were taken, nor allege that their names were unknown to the complainant. The question raised in *State* v. *Munger*, 15 Vt. 295, was identical with the one here considered.

The names of the sellers and purchasers need not be set forth, as shown above in *State* v. *Munger*, *supra*. But if it was necessary so to state the names, the allegation that the names were " unknown to the said complainant," has always been held to be sufficient. Wharton on Crimes, vol. 1, s. 251. Counsel also cited *State* v. *Abbey*, 29 Vt. 66 ; *State* v. *Butler*, 17 Vt. 149 ; *State* v. *Hodgdon*, 41 Vt. 142.

*Poland*, for the respondent.

In order to state an offence under the first clause of the act of 1874, *an actual sale* must be alleged ; and it must be alleged *by whom*, and *to whom*, the *sale was made*. The first clause of the first count is defective. 1st, it alleges no sale whatever ; 2d, it does not state *by whom*, or *to whom*, any sale was made ; 3d, it does not allege for what person or firm defendant acted as agent ; and 4th, it does not allege that the person or firm, for whom defendant acted as agent, was unknown to the prosecutor.

The statute of 1874 was intended to punish all persons who should perform any *act* or *part* in an illegal sale of intoxicating liquor, but where there is *no sale or furnishing* of liquor there is no offence.

The third offence alleged in the first count, of *aiding and abetting*, *&c.*, is wholly insufficient. The facts of aiding should be stated. *State* v. *Benjamin*, 49 Vt. 101. This first count is also bad for duplicity. It attempts to set forth three distinct and separate offences, punishable by the statute. This is fatal on demurrer.

The second count is merely a repetition of the last charge in the first count, and wholly insufficient for the same reasons.

The third count is nearer a good one than either the first or second, but still I claim fatally defective. It attempts to set forth the particular acts of the defendant in aiding and abetting, but

the facts alleged are either immaterial, or alleged in such an uncertain and argumentative way as to be wholly insufficient. The allegation that defendant stated the prices of the liquors, &c., amounts to nothing. This is of no account except where samples are carried and exhibited. The facts in regard to taking and sending orders, &c., are not alleged, except in such an argumentative manner as not to be sufficient in criminal pleading. The statute gives no form for such case, and must stand upon the established rules applicable to ordinary indictments. *State* v. *Benjamin.*

The opinion of the court was delivered by

VEAZEY, J. The case stands on general demurrer to the complaint, which contains three counts. The complaint was framed under the act of 1874, No. 25. The first clause of the act is as follows: " Any person within the State of Vermont, who shall act as the agent of any other person or persons, firm or firms, for the sale of spirituous or intoxicating liquors," "or," and then follow several alternative provisions. They all point to an agency. The first count charges the doing of three of these alternatives. Counsel for the respondent insists that this count is fatally defective on several grounds ; one of which, applicable to each clause of the count, is that the complaint does not name the persons or firms, for whom the respondent acted as agent, or from whom, or for whom, he took orders ; neither does it state that these persons were unknown to the complainant. We think the first count is defective in this respect. It is conceded that as the legislature has provided no form of complaint for prosecutions under this act, the sufficiency of this complaint must be tested by the rules of the common law.

It is stated by Chitty that : " it is a general rule that all indictments ought to charge a man with a particular specified offence, and not with being an offender in general ; for no one can know what defence to make to a charge which is thus uncertain." 1 Ch. Crim. Law, 228, 230 ; Bish. on Crim. Pro. s. 284. It is an action in another's behalf, and with another, that constitutes the offence prohibited by this statute. The proof must be of an act with,

and for, others. The respondent is charged with doing an act which he could not do except by dealing with, and for, others. Therefore, to omit the names of such others in the complaint would abridge the respondent's ability to meet the charge. The reason is as strong for requiring the names of the third persons to be given in a complaint of this kind as for giving the name of the owner of property stolen in an indictment for larceny. It is no sufficient answer, to say that the acts of the respondent worked no injury to the persons with, or for whom, he dealt. The naming of the persons is required as a right of the person charged, that he may fairly and specifically know what the act is, that constitutes the agency charged, so far at least, as the giving of the names of the persons with, and for whom he acted. No reason satisfactory to us appears for making this complaint an exception to the common law rule. See *State* v. *Stucky*, 2 Blackf. (Ind.) 289; *Francois* v. *State*, 20 Ala. 83. The case of *State* v. *Munger*, 15 Vt. 295, is cited as an authority against the view here taken. A similar question arose in that case; but it was upon motion in arrest. We adopt the rule here stated notwithstanding the remarks of the learned judge in that case, which may seem to be in conflict with the view here expressed.

But the law does not require of the pleader that which it would be practically impossible or unreasonably difficult for him to make. Therefore, where the name of the third person is unknown, and there has been no negligence in not finding it out, it is ordinarily sufficient to state that it is unknown. 1 Bish. on Crim. Pro. s. 297; 1 Stark. Crim. Pl. 2 Ed. 188; 1 Ch. Crim. Law, 212; *Com.* v. *Hitchings*, 5 Gray, 482. We do not pass upon the other alleged defects in this count. The second count is conceded to be defective.

The third count charges that the respondent, at St. Johnsbury, on a day named, " did aid, abet and assist certain persons and firms . . . to sell, furnish and dispose of intoxicating liquor . . . without authority, by then and there stating to divers persons . . . the prices of such liquors, and by then and there taking orders from said last-named persons for such liquors, and by then and there forwarding such orders to said first-named

persons and firms, and by then and there delivering such liquors to said last-named persons, contrary," &c.

One objection claimed against this count, is, that material acts charged are inferentially stated. The rule is that the charge must be laid positively, and not inferentially, or by way of recital merely. 1 Arch. Crim. Pra. & Pl. p. 275 ; 2 Hawk. Ch. 25, s. 60. In many cases, but not always, it is sufficient to charge the offence in the words of the statute. The rule as stated in the note by Pomeroy in 1 Arch. Crim. Pra. & Pl. p. 268, is this : " Whether an indictment in the words of a statute is sufficient or not, depends on the manner of stating the offence in the statute ; if every fact necessary to constitute the offence is charged, or necessarily implied by following the language of the statute, the indictment in the words of the statute is undoubtedly sufficient ; otherwise not." See also *State* v. *Daley*, 41 Vt. 564 ; *State* v. *Cook*, 38 Vt. 437 ; *State* v. *Jones*, 33 Vt. 443, 444 ; *State* v. *Matthews*, 42 Vt. 542 ; *State* v. *Clark*, 44 Vt. 636 ; *State* v. *Benjamin*, 49 Vt. 101.

The statute in question provides a penalty for doing any one of the several things therein specified. A complaint therefore properly charging any one of these things would be good. But under the decision of this court in *State* v. *Benjamin*, *supra*, a complaint upon any of these provisions, in the words of the statute only, would not be sufficient, on the ground that it would not furnish the accused with any such description of the charge against him, as would enable him to make his defence ; nor inform the court sufficiently to be able to decide whether a conviction could be supported, if obtained. In that case it was held that an indictment, substantially in the words of the statute, (s. 44, c. 94, Gen. Sts.) alleging that the respondent did knowingly aid a person named, in procuring intoxicating liquor to be disposed of for other purposes than those recognized as lawful by the laws of the State, was bad on demurrer. After stating the object of an indictment, ROYCE, J., says : " For this, facts are to be stated, not conclusions of law. A crime is made up of acts and intent, and they must be set forth in the indictment with reasonable particularity of time, place and circumstances ; and the ac-

cused has the right to have the charge against him thus stated, in order that he may decide whether he should present his defence by motion to quash, demurrer, or plea, and that the court may determine whether the facts will sustain the indictment. The want of a direct allegation of anything material in the description of the substance, nature, or manner of the crime, cannot be supplied by any intendment or implication whatsoever. *King* v. *McGregor*, 3 B. & P. 106. And while it is true that an indictment founded upon a statute, must follow the words of the statute, and state all the circumstances enumerated by it, in defining the offence, it frequently happens that such a description is not in itself sufficiently minute and specific." The principles that govern the form of indictments are there clearly presented and the authorities cited. See also, *State* v. *Jackson*, 39 Conn. 229 ; 1 Bish: on Crim. Pro. s. 284.

The third count of this complaint charges directly that the respondent did " aid, abet and assist certain persons . . . to sell," &c. This would obviously be insufficient if this was all. But it is argued that, as this is followed by a statement of the manner of aiding, &c., the count is good. The charge in substance is, that the respondent aided, &c., *by doing certain things.* As the aiding another to sell liquor is not necessarily unlawful, the pleader recognized the necessity of stating the manner of aiding. The averment was material. It must, therefore, be stated positively and directly, and in a way that it can be traversed. An averment that a person did one thing by doing another thing, is not a direct and positive averment that he did the latter thing. The conclusion that he did it is reached only by inference and argument, which is not sufficient in a criminal complaint.

The use of the participial form of averment is sometimes sufficient. Bish. on Crim. Pro. vol. 1, s. 556, 3d ed., says : " Where the direct averment is required, as in laying the main charge, it is usually made with the verb. But any other part of speech which reasonably conveys the idea is adequate, as the participle or even the adverb." Approved precedents are numerous where this form is adopted ; mainly, in indictments for assault, breach of the peace, resisting an officer, disturbing religious meetings, and adul-

tery. But in each instance, it will be noticed, that the charge is direct; first, that the accused committed that which is an offence in itself, without the aid of further averments as to the manner of doing it; not that which only becomes an offence by reason of the circumstances under which it was done. WILLIAMS, Ch. J., in *State* v. *Day*, 3 Vt. 142, says: "Every indictment must state all such facts and circumstances as constitute the offence; and when the act complained of becomes a crime only from its peculiar relations or circumstances, and without them would not be unlawful, then those circumstances or relations should be set forth in the indictment." REDFIELD, Ch. J., in *State* v. *LaBore*, 26 Vt. 767, says: "It seems to be regarded as a uniform rule of pleading, applicable to indictments, that every traversable fact must be directly alleged." The authorities referred to by Bishop, in connection with the section above quoted, are all cases where the averment in the participial form, was of a subordinate though material fact, as illustrated by the case of *Rex* v. *Lawley*, 2 Stra. 904. Lawley, being found guilty of attempting to persuade one not to appear as a witness against Crooke, moved in arrest of judgment, because it was not positively averred that Crooke was indicted; it being only laid that she, *knowing* that Crooke had been indicted, and was to be tried, did so and so. The court held that the averment as to her knowledge was sufficient in that form, likening it to the case of receiving stolen goods, *knowing* them to be stolen. The learned author also refers to a case, where under a statute which made punishable any one "above the age of fourteen," who should steal an heiress, where the indictment charged that the defendant "being above the age of fourteen years," did the act; *Rex* v. *Moore*, 2 Mod. 128; also to the case of a complaint for disturbing the public peace of a neighborhood, "by then and there cursing and swearing," &c.; also to the usual form of laying intent, as "feloniously," "traitorously;" and others of like sort. The case of *Com.* v. *Daniels*, 2 Va. Cases, 402, to which the counsel for the State specially refer, affords but little help here; as the question in that case, was whether it was necessary, in an indictment for disturbing a religious congregation, to set out the means by which the disturbance

State *v.* Higgins.

was offered ; and the court held that it was not ; that to add this in the direct form, by use of the verb, or in the participial form, both of which are to be found in approved precedents, would not increase the certainty of the averment, as made, which was a simple averment of disturbance in the words of the statute, with time and place, etc.

There are numerous authorities to the effect that, if the averment is descriptive of a person, as being of a certain age, or as holding a certain office, or relation, as being a sheriff, or husband, or wife, or is descriptive of intent, or is a statement of knowledge, and this can be expressed, so as reasonably to convey the idea, in a qualifying clause in a sentence containing the main charge, it may be done by use of the participle. Or, if the statute, on which the complaint is founded, is like our statute for breach of the peace, which provides, that if any person shall disturb or break the public peace, by tumultuous and offensive carriage, by threatening, quarrelling, &c., the indictment may follow the language of the statute. Or, if the indictment charges positively the commission of that which is in itself a crime, it is in some cases proper to adopt the form used in this case, in setting forth in addition the manner of doing it. The books, however, generally speak of these as loose forms of pleading ; but to the extent indicated, they have been upheld. But we are referred to no case, where it was held sufficient to lay the main charge in the participial form ; or, where it was so held, in respect to the averment of that which made the act wrongful laid in the main charge, and which but for that would have been innocent. And we do not think it wise to extend the rule in the direction of looseness, beyond what has been held. Where the charge is, as in this case, of an act in itself not unlawful, and where it becomes so only by other averments, then the latter become of equal importance with the main charge. It is upon the latter that the court must determine on demurrer what judgment to render. These are the averments upon which the respondent's guilt or innocence must turn on trial. To sustain the third count we think would be going beyond the views heretofore taken by this court; and beyond the

line which seems to have been the limitation in carefully considered cases.

We think the complaint is defective on demurrer for the reasons stated. The demurrer is therefore sustained, and the complaint adjudged insufficient and quashed.