STATE *v.* CHARLES CLANCY.

*Criminal Law. Pleading. Witness—Refused to Obey Summons, R. L. s. 1661.*

Under the R. L. s. 1661, imposing a penalty for refusing to attend and testify in a criminal trial, the information should contain an allegation that there was a criminal cause pending in some court in which the respondent was required to testify : or if summoned before the grand jury as a witness, that they would be in session ; that the subpœna was served as prescribed by statute ; and also set forth the manner of the service, and the cause, so that the court could determine whether the service was legal, and whether it was a criminal cause.

INFORMATION filed by the state's attorney, charging the respondent with refusing to attend and testify in a criminal cause. Heard on demurrer, September Term, 1883, ROWELL, J., presiding. Demurrer overruled.

*A. A. Butterfield,* State's attorney, for the State.

*Haskins & Stoddard,* for the respondent.

The opinion of the court was delivered by
ROYCE, Ch. J. The statute, upon which this information is based, s. 1661 R. L., provides that if a person legally summoned as a witness to attend before any court in this State to testify in a criminal cause wilfully or wrongfully refuses to attend and testify, he shall be fined not more than one hundred dollars nor less than ten dollars, or may be imprisoned not exceeding six months, or be subject to both of said penalties, in the discretion of the court.

In order to subject a person to the penalties specified in that section, it must be alleged in the indictment or information that

State v. Clancy.

there was a criminal cause pending or to be pending in some court, in which he was required to testify. The only allegation in this information as to there being any such cause, is, that the respondent was duly summoned to appear before the grand jury at the time and place named, to give evidence of what he knew in relation to all matters of complaint pending and to be investigated before said grand jury. That allegation is too uncertain and indefinite.

The cause in which the witness is summoned to testify should be so described that the court may be able to decide whether it is a criminal cause, and so within the statute. The allegation that he was to give evidence of what he knew in relation to all matters to be investigated by the grand jury is not, in legal effect, an allegation that any criminal cause was to be investigated by the grand jury. Neither is it alleged that the grand jury would be in session at the time when he was summoned to appear before them. It must be alleged, that the subpœna was signed by some-one having lawful authority to sign it, and that it was legally served. The allegation as to the service is, that the respondent was duly summoned by a then deputy sheriff, naming him. It is not alleged, that the officer who served the subpœna had the lawful right to serve it, or in what manner the service was made. Sec. 1014, R. L., prescribes the legal manner of serving subpœnas; and in a criminal prosecution for refusing to obey a subpœna, it must be alleged and proved that it was served in the manner there prescribed. The manner of the service should be alleged with particularity, so that it may be determined as a matter of law whether the person charged with the crime was legally summoned or not.

While it is true, that an information or indictment based upon a statute must follow the words of the statute, and state all the circumstances enumerated in it in defining the offense, it frequently happens that such a description is not in itself sufficiently minute and specific. State v. Benjamin, 49 Vt. 101. It is elementary in criminal pleading, that all the facts which constitute a crime must be directly alleged; and the want of such allegations cannot be supplied by implication or inference. But

here the words of the statute were not followed; the word " duly " was substituted for " legally." The two words are not synonymous ; and the one is not the equivalent of the other.

Some other questions were presented in argument; but it is not necessary for the disposition of the case that they should be decided. We hold that the information is fatally defective; and the judgment overruling the demurrer is reversed, demurrer sustained, and information adjudged insufficient.