### STATE v. JAMES HANLON.

*Indictment following language of statute. Intoxication no excuse.
Charge of court.*

1. An indictment for an assault with intent to commit a rape under R. L. s. 4117 is sufficient if it follows substantially the language of the statute. It need not further describe the crime which is attempted than to call it " a rape."

2. Neither need it specify the means by which the assault is made. It is enough to charge that the respondent "made an assault."

3. If the respondent became voluntarily intoxicated, the fact of such intoxication should not be considered by the jury.

4. The omission of the court to instruct the jury that they might return a verdict of guilty of a simple assault in case they failed to find the intent charged, is not error, where the respondent neither requested such an instruction nor excepted to the neglect to give it.

This was an indictment for an assault with intent to commit a rape. Plea, not guilty. Trial by jury, at the December Term, 1889, Tyler, J., presiding. Verdict, guilty.

The indictment charged that the respondent " with force and arms in and upon the body of one Anna Thompson, a female person of the age of thirteen years or more, and then and there being, an assault did make with intent violently and feloniously to commit upon her, the said Anna Thompson, a rape."

The evidence of the respondent tended to show that he was intoxicated at the time of the alleged assault and had no recollection whatever of the circumstances attending it or the assault itself.

In view of this claim the respondent requested the court to instruct the jury as follows :

State v. Hanlon.

"3. Intoxication should be considered by the jury as affecting the respondent's mental condition with reference to his capability to form the intent to commit rape.

"4. The respondent cannot be convicted of the intent to commit rape if he was too drunk to entertain the intent, unless he formed such intent before he became intoxicated.

"5. If the respondent blundered into the presence of the prosecutrix through a drunken mistake, under such circumstances as to show an entire absence of reason or such as would indicate the inability to form any definite purpose to commit rape, then he cannot be convicted of the intention to commit rape.

"6. The general rule that intoxication is no excuse for crime should not be applied by the jury to the facts and circumstances in this case, to prejudice the right of the respondent to an acquittal as to the charge of an attempt to commit rape.

"7. The nature and essence of the crime of an assault with intent to commit rape depend largely upon the peculiar condition of the respondent's mind at the time of the alleged assault, and it is proper for the jury to consider whether or not the respondent was in fact intoxicated at the time, as affecting his condition of mind; and if the jury should find that the intoxication of the respondent was of such a degree that his reasoning faculties, his power of discrimination between right and wrong, was lost, those facts would afford very strong ground for presuming that the respondent had no criminal intention to do anything more than he actually did do, viz., that he had no criminal intent to commit rape.

"8. If the jury find that the respondent was intoxicated to such an extent as to seriously affect his condition of mind, impair his reasoning faculties and powers of discrimination between right and wrong, so as to raise a reasonable doubt in their minds as to whether the respondent really intended to commit a rape, then they should acquit the respondent as to that part of the indictment charging such an intent."

The court declined to charge as requested and did instruct the jury in the following terms:

"If the respondent became voluntarily intoxicated, so that when he was at Mrs. Thompson's house he did not know what he was doing, and while there he committed acts upon her which would have constituted an assault with intent to commit rape upon her if he had been sober, his intoxication would afford him no excuse; so that if you find that the respondent was intoxicated when these

alleged acts were committed, if you find they were committed as claimed by the State, his intoxication does not bear upon the question of criminal intent and his intent must be gathered from the acts that you find he committed."

The respondent moved in arrest of judgment for the insufficiency of the indictment. The motion was overruled and the respondent excepted.

*W. B. Sheldon* and *T. W. Moloney*, for the respondent.

The intoxication was material upon the question of intent. *Cline* v. *State*, 1 N. E. Rep. 22 ; *Commonwealth* v. *Hagenlock*, 3 N. E. Rep. 36 ; 5 Crim. Law Mag. 113, 909 ; 2 *id.* 721 ; 4 *id.* 282 ; 1 Bish. Crim. Law, s. 408.

The indictment should specify more fully what crime the respondent attempted to commit; otherwise it is uncertain whether he attempted to commit a rape at common law, or under R. L. s. 4110, or under s. 1, No. 63, Acts of 1882. *State* v. *Benjamin*, 49 Vt. 103 ; 1 Wharton Crim. Law, s. 372 (b), s. 401 ; *State* v. *Cook*, 38 Vt. 439 ; *State* v. *Downer et al.*, 8 Vt. 424 ; *State* v. *Higgins*, 53 Vt. 191 ; *State* v. *Jones*, 33 Vt. 445 ; 1 Bish. Crim. Pro. ss. 329, 335, 419, 610, 629 ; 5 Crim. Law Mag. 609 ; 2 Bish. Crim. Pro. s. 953 ; 5 Crim. Law Mag. 752 ; 8 Crim. Law Mag. 368 ; *Titus* v. *State*, 9 Crim. Law Mag. 354 ; 6 Crim. Law Mag. 629 ; 10 Crim. Law, 461 ; 11 Crim. Law Mag. 845 ; 4 Crim. Law Mag. 141, 307 ; 1 Arch. Crim. Pl. and Pr. 265 ; and note citing *State* v. *Gray*, 3 Stew. 123 ; *Com.* v. *Waters*, 7 Dana, 29.

The fact that it follows the words of the statute does not help it. 1 Arch. Crim. Pl. and Pr. 268 ; *Lamberton* v. *State*, 11 Ohio, 282.

The word " ravish " must have been used. 1 Arch. 999 ; 2 Stark. Crim. Pl. 409 ; 3 Chit. Crim. Law, 815 ; 4 Black. Com. 307 ; *Davis* v. *State*, 42 Tex. 226 ; 1 Arch. 1000.

*O. M. Barber*, State's Attorney, for the State.

The indictment fully informs the respondent of the charge and is sufficient. *State* v. *Benjamin*, 49 Vt. 103 ; 1 Bish. Crim. Pro. s. 505.

. The crime charged is statutory. Hence the indictment may follow the language of the statute, if every fact necessary to constitute the offense is thereby charged or reasonably implied. *State v. Higgins*, 53 Vt. 199; *State v. Mills*, 60 Vt. 90; *State v. Dana*, 59 Vt. 614; *State v. Daly*, 41 Vt. 564; *State v. Clark*, 44 Vt. 636; *State v. Jones*, 33 Vt. 444; *State v. Cook*, 38 Vt. 437.

Voluntary intoxication is no excuse for crime. *State v. Tatro*, 50 Vt. 491; 1 Bish. Crim. Law, ss. 397, 400; *People v. Rogers*, 18 N. Y. 9; *State v. Edwards*, 11 Mo. 312; *Ingalls v. State*, 48 Wis. 547.

The opinion of the court was delivered by

Ross, J. This is an indictment for an assault with the intent to commit a rape under R. L. 4117. The indictment follows substantially the language of the statute.

I. The respondent has filed a motion in arrest of judgment and sentence for the insufficiency of the indictment. The offense covered by the statute and charged in the indictment consists of an intent to commit a rape, accompanied by an assault made to carry into execution the unlawful intent. The crime of rape is not charged, but an intent to commit it. By the statute, there are no particulars indicative of, or accompanying the intent, except an assault upon a female. These are charged in the indictment. It being the charge of an attempt only to commit a crime, there are included in it no particulars of the substantive offense attempted to be committed. Hence none can be set forth in the indictment. Bishop's Directions and Forms, ss. 100 and 911; 2 Bish. Crim. Proc. ss. 76, 97. Nor is it necessary that such language should be used as ·is required to set forth the commission of the substantive offense attempted. It is only the intent that is charged, and that is charged in clear, unmistakable language. The respondent could be in no doubt in regard to the intention with which he is charged. The charge that he intended to ravish the assaulted forcibly would not add in the least to the charge in the indictment, nor furnish the respondent

with an additional particular of the charge he is called upon to answer. But it is contended that the assault is insufficiently charged, because the means used in making it are not set forth. But this is not necessary. 2 Bish. Crim. Proc. s. 56 ; *State* v. *Burt,* 25 Vt. 373.

In *State* v. *Burt,* the means used in making the assault were not set forth. The indictment charged an assault without more in that respect, but undertook to charge the impeding of the officer. The indictment was so defectively drawn that all therein relating to the latter offense was treated as surplusage, and yet on a motion in arrest of sentence it was held sufficient to sustain the charge of simple assault. The statute having described all the substantial elements of the offense, it is sufficient to charge it in the language of the statute. *State* v. *Dagley,* 41 Vt. 564 ; *State* v. *Cook,* 38 Vt. 437 ; *State* v. *Jones,* 33 Vt. 443 ; *State* v. *Clark,* 44 Vt. 636 ; *State* v. *Higgins,* 53 Vt. 199 ; *State* v. *Dana,* 59 Vt. 614 ; *State* v. *Mills,* 60 Vt. 90 ; *Commonwealth* v. *Doherty,* 10 Cush. 52 ; *Lewis* v. *State,* 35 Ala. 380 ; *People* v. *Gin,* 53 Col. 629. *State* v. *Blake,* 39 Me. 322, especially relied upon by the respondent, appears to have been decided on the peculiar wording of the statute of that State. If that decision is adverse to the views we have expressed, it is against the weight of authority, and we decline to follow it. The exception to the failure to comply with respondent's ninth request and to overruling the motion in arrest, which raise the same question, is not sustained.

II. The respondent's other requests, which were not complied with, relate to the effect of drunkenness, as bearing upon the proof necessary to establish the offense charged. We are aware that courts of other jurisdictions are at variance with the decision of this court in *State* v. *Tatro,* 50 Vt. 491. That is a recent decision, arrived at after full consideration, and we have no inclination to depart from or overrule it. It bears directly upon the subject of premeditation or intention, and fully sustains the action of the trial court. The trial judge in that case was very explicit in his charge, that if the jury found that the respondent

State *v.* Hanlon.

was crazy drunk when he committed the homicide, so that he did not know what he was doing, his acts were to be considered upon the question of premeditation or intention, the same as they would be if he was perfectly sober. This was the substance of the charge in the case. This exception is not sustained. Nor do we regard the closing paragraph of the charge as misleading when reference is had to the undisputed facts in the case. The respondent himself claimed to have no recollection of what he did upon the occasion of the assault. The female assaulted and the persons with the respondent substantially agreed, so far as the persons with the respondent were present. There was really no contention in regard to the assault having been made. The controversy was in regard to the intention with which the respondent made the assault. In the next preceding clause the court instructed the jury that this must be established beyond a reasonable doubt, and, in the clause criticised, told them in substance that unless, from what he did and said, they found such intent established, they should acquit the respondent. If the respondent had claimed to have had knowledge or recollection of the intent with which he made the assault, the criticism would be entitled to more consideration. This portion of the charge was adapted to the facts disclosed by the evidence and could not have misled the jury.

III. It is contended that the court erred in not charging the jury they might find the respondent guilty of simple assault if they failed to find him guilty of the higher offense. He made no request on this subject, and was not injured by a charge which allowed his acquittal unless the jury, on the evidence, found the higher crime charged established. *Commonwealth* v. *Doherty, supra.*

*The respondent takes nothing by his exceptions.*