## STATE v. IRA H. FISKE.

JANUARY TERM, 1894.

*Criminal law.    When indictment may charge offence in words of statute.*

1.    An indictment under R. L., s. 4249, for making public by print and writing information as to where the means for procuring the miscarriage of a pregnant woman could be had, should allege the manner in which the print and writing was made public or circulated.

2.    When, in framing an indictment for the violation of a statute, it is sufficient to follow the language of the statute, considered.

Indictment under R. L., s. 4249, in two counts. Heard upon general demurrer at the September term, 1893, Washington county, ROWELL, J., presiding. Demurrer overruled. The respondent excepts.

The substantial part of the first count alleged that the respondent

"Feloniously and knowingly did cause to be made public by print and writing words and language that gave notice and information where advice and information and medicine and direction might be obtained for the purpose of causing and procuring the miscarriage of a pregnant women, which print and writing is of the tenor following, that is to say:

'ARTHUR C. BELL, ESQ.,

'A young girl by the name of Coburn has applied to me to help her out of a baby case. She says it is yours. Her mother wants to see you at once, but I have their promise that if I will help her she will keep quiet forever.

'Now I will take her to my house and get her out of the scrape if you will send me one hundred dollars, fifty to give the girl, fifty for myself; she is poor and needs help. Now

she can swear this onto you and you cannot escape it. I do not like the law, yet it is true.

'I will stand between you and all harm. If you fear to trust me come down and see me. I am with Dr. Lance and he says tell you that you can trust our word. She will wait till I hear from you. If no reply comes, she will send a lawyer to see your mother. This will force you to marry her or leave the state, and you cannot escape it. But we will help you out slick and clean for one hundred dollars as we say, and you will never hear a lisp. I can help her out and have her well in two weeks.

'The girl is poor and can pay us nothing, and we work for pay, but you can trust implicitly in what I tell you. My partner, Dr. Lance, will swear to this.

　　　　　　　　　　　　　'Dr. I. H. FISKE.

'15 Winter St., Montpelier, Vt.

'Dr. Fiske tells you the truth and will do all he tells you he will; he is keeping them still till you write us.

　　　　　　　　　　　　　'J. D. LANCE, M. D.

'P. S. Come down and see us in the night; come to my house, 15 Winter Street. No one will see you. Ans. at once.

'MONTPELIER, I. H. F.'

contrary to the form of the statute in such case made and provided and against the peace and dignity of the state."

The second count was like the first except the allegation was that the respondent " did publish and circulate and cause to be published and circulated," etc.

*Dillingham, Huse & Howland, Geo. W. Wing* and *H. W. Kemp* for the respondent.

The means and manner of making public and circulating should have been set forth. *State* v. *Miller*, 60 Vt. 90; *State* v. *Higgins*, 53 Vt. 191; *State* v. *Benjamin*, 49 Vt. 101; 1 Bish. Crim. Proc. (3d Ed.), s. 629; *State* v. *Smith*, 17 R. I. 371, S. C. 22 Atl. Rep. 282.

*Zed S. Stanton*, State's Attorney, and *John H. Senter* for the state.

If an indictment charges the commission of a statutory offence in the words of the statute, this is in general sufficient. *United States* v. *La Coste*, 2 Mason 141 ; *State* v. *Follett*, 6 N. H. 53 ; *State* v. *Daley*, 41 Vt. 594, and cases here cited ; *State* v. *Cook*, 38 Vt. 437 ; *State* v. *Jones*, 33 Vt. 443.

In this case the indictment as a whole fairly points out the manner in which the information was sent. A criminal statute should receive a strict, but still a reasonable construction.

TAFT, J. This indictment is in two counts,. the first, charging the respondent with making public by print and writing words and language that gave notice and information where advice might be obtained for the purpose of procuring the miscarriage of a pregnant woman ; the second, that he did publish and circulate, and cause to be published and circulated, a certain writing containing words and language of the same tenor as stated in the first count. The print and writing is set forth in each count. The respondent under a general demurrer contends that the indictment is insufficient. The prosecution insists that as the offence is purely statutory it is sufficient to charge it in the words of the act, as is done in the form given in Heard's Criminal Law 351, of an indictment under a statute substantially like ours. Ordinarily it is sufficient to charge a statutory offence in the words of the act. But if from the nature of the offence the words of the statute do not clearly and definitely apprise the defendant of the offence charged against him, greater particularity must be used. Thus in obtaining goods under false pretenses, the false pretenses must be alleged. *State* v. *Keach*, 40 Vt. 113. So in case of false statements of the distance a horse was driven, the false statements must be set forth. *State* v. *Jackson*, 39 Conn. 229. In case of conspiracy it is necessary to set forth the acts specifically

and show the means by which the fraud was to be compassed. *Lambert* v. *People*, 9 Cow. (N. Y.) 578. Indictments for voting "not having the legal qualifications of a voter" have been held insufficient for not specifying what qualifications the voter lacked, in *Quinn* v. *State*, 35 Ind. 485 ; *State* v. *Bruce*, 5 Ore. 68 ; *State* v. *Moore*, 3 Dutch. (N. J.) 105. A complaint substantially in the words of the statute for wilfully injuring a public building, held insufficient in failing to allege the particular manner of the injury. *State* v. *Costello*, 25 Atl. Rep. (Conn.) 477. One under a statute forbidding the publication of obscene literature held defective for not alleging the manner of publishing. *State* v. *Smith*, 17 R. I. 731. Notwithstanding the rule that it is generally sufficient to charge a statutory offence in the words of the statute, it is fundamental in the law of criminal procedure that the accused must be apprised by the indictment, with reasonable certainty, of the acts with which he stands charged, and all facts necessary to constitute the crime must be fully and distinctly set forth, so as to inform the respondent with what he stands charged, that the court may see a definite offence on the record to which it may apply the penalty prescribed by law, and the accused enabled to plead a conviction or acquittal in bar of a subsequent prosecution for the same offence. The Vermont cases cited by the state attorney are all within the qualification of the rule.

In *State* v. *Jones*, 33 Vt. 443, the indictment followed the words of the act " did cut, injure and destroy " aqueduct pipe, etc., the court said

" The statute particularly describes the offence in plain and simple language ; the existence of no other fact is necessary to constitute the offence than those named in the statute,"

and held the indictment sufficient. In *State* v. *Cook*, 38 Vt. 437, it was held that the statute forbidding one to " en-

list, recruit or employ " any person, etc., was of itself complete ; that it created and defined the offence, and the same ruling was had in case of an assault with the " wicked, wilful and malicious intent to kill and slay," in *State* v. *Daley*, 41 Vt. 564.

The respondent's counsel have cited the cases in this state that hold that an indictment in the words of a statute is insufficient. In *State* v. *Benjamin*, 49 Vt. 101, the respondent was indicted for aiding one in procuring liquors to be disposed of for unlawful purposes. The indictment was held defective in not setting out how the respondent aided. *State* v. *Higgins*, 53 Vt. 191, was under a statute against one's acting as agent in traveling from place to place and selling liquor unlawfully ; complaint held bad for not alleging the name of the principal. *State* v. *Miller*, 60 Vt. 90, requires in an indictment under the statute forbidding a man's being found in bed with another man's wife under circumstances affording a presumption of an illicit intention between them, an allegation of what the illicit intention was.

Our cases have always recognized the rule and the exceptions thereto, and although the same technical strictness in criminal pleading is not required as when, in Blackstone's time, one hundred and sixty offences were punishable with death, still it is now necessary that the substantial acts constituting the crime should be clearly and distinctly alleged.

The indictment should have alleged the manner in which the print and writing was made public, and how the writing was published and circulated or caused to be published and circulated. It may have been made public by printing in a newspaper, by spreading circulars broadcast through the streets, by nailing it to a telephone pole, by sending it through the mails, by leaving one upon every doorstep in the town, or in one of the many other ways which the ingenuity of the modern advertisers might suggest. Without some allegation of the mode, the respondent may well insist

upon his right given him by the organic law of the land, Cons. of Vt., Ch. 1, Art. 10, " to demand the cause and nature of his accusation."

*Judgment reversed, demurrer sustained, indictment adjudged insufficient and quashed, and respondent discharged.*

Ross, C. J., dissents.