STATE *v.* A. J. WILSON.

October Term, 1906.

Present:   ROWELL, C. J., TYLER, MUNSON, WATSON, HASELTON, and
MILES, JJ.

Opinion filed December 5, 1906.

*Criminal Law—Pleading—Statutory Offence—Sufficiency of Indictment—Charging Offence in Language of Statute— When Sufficient—Constitutional Questions—When Considered.*

The allegations of an indictment must be certain enough to give the respondent reasonable notice of what will be produced against him at the trial.

Whether an indictment in the words of a statute is sufficient, depends upon the statutory statement of the offence.  If everything necessary to constitute the offence is charged or necessarily implied by following the language of the statute, an indictment in the words of the statute is sufficient, otherwise not.

An indictment for practicing medicine without a license, in violation of No. 133, Acts 1904, wherein the only allegation of the commission of an offence by the respondent is that he "did hold himself out to the public as a practicing physician in this State," is bad on demurrer.

Courts will not pass upon the constitutionality of a statute, unless it is necessary to do so in order to finally determine the case.

INDICTMENT for practicing medicine without a license, in violation of No. 133, Acts 1904. Heard on demurrer to the indictment at the June Term, 1906, Lamoille County, *Powers, J.,* presiding. Demurrer overruled, *pro forma,* and indictment adjudged sufficient. The respondent excepted. The opinion states the material part of the indictment.

*T. R. Gordon* and *R. W. Hulburd* for the respondent.

The statute is unconstitutional, in that it deprives a physician of his property without due process of law. *Cummings v. State,* 4 Mo. 320; Cooley Const. Lim., 106 (5th ed.).

*F. G. Bicknell,* State's Attorney, for the State.

Laws regulating the practice of medicine are uniformly sustained where they reasonably serve to protect the public safety. 25 W. Va. 1; 121 Ill. 84; 36 Neb. 241; Cooley Const. Lim. 718.

TYLER, J. This case is here upon demurrer to an indictment found against the respondent for practicing medicine without a license in violation of the laws of the State. The material allegation is that the respondent "did hold himself out to the public as a physician in this State, without having * * * passed the examination required by law, * * * and without having received a license from the Medical Registration * * * to practice as a physician."

The only specification of the commission of an offence by the respondent is contained in the words, "did hold himself out to the public as a practicing physician in this State." The respondent contends that this is insufficient under the rules of criminal pleading; that he is entitled to be informed of the

manner in which the State claims that he held himself' out as a physician.

It is generally sufficient to charge the offence in the language of the statute, without a further description, where the act prohibited is itself unlawful; and if the complaint substantially follows the act and by its natural construction charges the offence described therein, it will be good. On the other hand, a complaint is not sufficient, though it charges the offence in the exact language of the statute, where the words of the statute do not embrace a definition of the offence, or where the acts are not in themselves unlawful. 10 Ency. Pl. & Pr. 50. This is in accord with the general rule laid down in 1 Chit. Crim. Law, 228, 230, and in Bish. Crim. Pro. §284, that all indictments ought to charge a man with a particular specific offence, and not with being an offender in general; for no one can know what defence to make to a charge which is thus uncertain. Whether an indictment in the words of a statute is sufficient or not, depends upon the manner of stating the offence in the statute. If every fact necessary to constitute the offence is charged or necessarily implied by following the language of the statute, the indictment in the words of the statute is undoubtedly sufficient, otherwise not. 1 Arch. Crim. Prac. & Pl. 268. In the well considered and often cited case, *State v. Higgins,* 53 Vt. 198, it is said that while an indictment founded upon a statute must follow the words of the statute and state all the circumstances enumerated by it, in defining the offence, it frequently happens that such a description is not in itself sufficiently minute and specific. The complaint in that case was framed under an Act which made it an offence for any person to act as the agent of another in the sale of spirituous liquors; held, that the complaint was defective on

demurrer in not naming the persons or firms for whom the respondent acted as agent.

In *State* v. *Benjamin,* 49 Vt. 101, the respondent was indicted for aiding another person in procuring liquors to be disposed of for unlawful purposes. The indictment was held defective in not setting out how he rendered such aid. In *State* v. *Fiske,* 66 Vt. 434, 29 Atl. 633, the indictment charged the defendant with making public, by print and writing, information as to where the means for committing a criminal act could be obtained; held that the indictment should have alleged the manner in which the print and writing were circulated and made public. In *State* v. *Soragan,* 40 Vt. 450, it was decided that a general allegation of disobedience by a respondent of an order of the health officer of a city was too loose for criminal proceedings; that the order and the act of disobedience should have been set out.

It has been decided by some courts, under statutes prohibiting the practice of medicine without a license, and which enumerate various acts which shall be regarded as "practicing medicine," that an indictment charging the offence must allege some one of the acts so enumerated. Hughes C. L. & Pro. §1883 and notes.

There are various ways in which the respondent might have held himself out to the public as a physician, and he is entitled to know in what manner the State claims he "held himself out" before he is compelled to plead. As the rule is sometimes stated, the allegation must descend far enough into particulars, and be certain enough in its frame of words to give the respondent reasonable notice of what will be produced against him at the trial. We think the allegation in the indictment does not fulfil the respondent's right under the

constitution "to demand the cause, and nature of his accusation."

Our decision upon this point makes it unnecessary to consider the constitutional question raised by the exceptions. *Blanchard* v. *Barre*, 77 Vt. 420, 60 Atl. 970.

*Demurrer sustained, indictment held insufficient and quashed; judgment reversed, verdict set aside, respondent discharged.*