## STATE *v.* OMER MILLER.

*Criminal Law.* R. L. s. 4241.

Whether an indictment in the words of the statute is sufficient depends on whether every fact necessary to constitute the offense is charged or necessarily implied from the language used. Thus, where the statute—R. L. s. 4241—provided: " A man with another man's wife, or a woman with another woman's husband, found in bed together under circumstances affording presumption of an illicit intention, shall each be imprisoned," etc.; *Held,* that an indictment which charged that the respondent, " being then and there a man," was found in bed with another man's wife, " under circumstances affording presumption of an illicit and felonious intention," was bad in that there was no allegation as to what the illicit intention was.

INDICTMENT charging respondent with having been found in bed with another man's wife, etc. Trial by jury, September Term, 1886, Washington County, POWERS J., presiding. Verdict, guilty. Indictment quashed.

The respondent demurred to the indictment; but the court overruled the demurrer, and ordered him to plead without prejudice to the exception.

It was alleged " that Omer Miller   *   *   *   was found in bed feloniously together with one Josephine Yatter, under circumstances affording presumption of an illicit and felonious intention, the said Josephine Yatter being then and there a married woman, and having then and there a lawful husband alive other than the said Omer Miller, and the said Omer Miller being then and there a man other than the husband of the said Josephine Yatter, and the said Omer Miller and the said Josephine Yatter not being then and there lawfully married to each other."

*Pitkin & Huse* and *C. H. Heath*, for the respondent.

With the exception of the word " feloniously,"—evidently used because of Rev. Laws, s. 4334,—each count follows and uses these words of the statute; namely, " found in bed together under circumstances affording presumption of an illicit intention;" and there is no other allegation as to intent. The word " illicit" means what is unlawful or forbidden by the law. Bouv. L. Dict.; Webster, Dict. But the statute in Rev. Laws, s. 4241, must by construction have a specific. application narrower than the general words; for it is clear that the " illicit intention " contemplated by it can be only the intention to have an unlawful sexual connection.

An indictment must state all facts and circumstances necessary to constitute the offense; although an indictment may; generally, lay the offense in the words of the statute, where the statute specifies all the elements constituting the crime the legislature had in view. *State* v. *Jones*, 33 Vt. 443; *State* v. *Cook*, 38 Vt. 437; *State* v. *Daley*, 41 Vt. 564. Yet, where the general terms of the statute must be narrowed by construction, it is not sufficient to follow the words of the statute, but the indictment must correspond as well with the judicial interpretation as with the letter of the enactment. Were it otherwise, all the allegations of the indictment may be true, and still the respondent be not guilty. 1 Bish. Cr. Proc. (2d ed.) ss. 623, 628; *United States* v. *Pond*, 2 Curt. C. Ct. 265; *State* v. *Northfield*, 13 Vt. 565; *State* v. *Day*, 3 Vt. 138.

*E. W. Bisbee*, *States Attorney*, and *George W. Wing*, for the State.

The indictment is sufficient. Rev. Laws, s. 4241; Bish. Cr. Proc. s. 77 *et seq.*; Bish. Stat. Cr. s. 167.

The opinion of the court was delivered by

VEAZEY, J. The first exception is to the judgment of the

County Court overruling the demurrer and adjudging the indictment sufficient.

It is claimed that the indictment was sufficient to meet the case provided for in section 4241 R. L., viz. : " A man with another man's wife, or a woman with another woman's husband, found in bed together under circumstances affording presumption of an illicit intention, shall each be imprisoned," &c.

Each count charges in these words : " Affording presumption of an illicit and felonious intention," being in the words of the statute except the words " and felonious " are added. There is no allegation as to what the illicit intention was.

The rule, as to when it is sufficient to charge an offense in the words of the statute, was stated in *State* v. *Higgins,* 53. Vt. 191, being quoted from Mr. Pomeroy, and was thus : " Whether an indictment in the words of a statute is sufficient or not, depends on the manner of stating the offense in the statute ; if every fact necessary to constitute the offense is charged, or necessarily implied by following the language of the statute, the indictment in the words of the statute is undoubtedly sufficient ; otherwise not."

That rule in substance has always been the test applied to indictments in this State. Under it this indictment is insufficient. The word " illicit," as its derivation indicates, means that which is unlawful or forbidden by the law. Bouv. Law Dict. ; Webster's Dict. It is not claimed that every illicit intention would warrant a conviction under this statute. It must be a particular unlawful intention. Therefore as the indictment stands all the allegations might be true and the respondent be not guilty. The illicit intention might have been to steal, burn or murder, as well as to have unlawful sexual connection. In *United States* v. *Pond,* 2 Curt. C. C. 265, CURTIS, J., observed : " This indictment follows the words of the statute. It is sufficient, therefore, unless the words of statute embrace cases which it was not the intention of the legislature to include

State *v.* Miller.

within the law. If they do, the indictment should show this is not one of the cases thus excluded." Mr. Chief Justice MAR-SHALL, in the case of the *Mary Ann*, 8 Wheat. 380, speaking of an information, said : " If the words which describe the subject of the law are general, embracing a whole class of individuals, but must necessarily be so construed as to embrace only a subdivision of that class, we think the charge in the libel ought to conform to the true sense and meaning of those words as used by the legislature."

As the indictment must fall there is no occasion to pass upon the exceptions taken in the trial.

Exceptions sustained. Indictment adjudged insufficient and quashed. Respondent discharged.