STATE *vs.* CHARLES HALLOCK.

October Term, 1897.

Present: Ross, C. J., Rowell, Munson, Start and Thompson, JJ.

*Arson—Prior Attempts—Motion for Verdict.*

Evidence of previous unsuccessful attempts to commit the same crime is admissible.

In a prosecution for arson, for procuring the burning of a barn, the State may show that some six weeks before the barn was burned the house on the same premises was set on fire, in connection with evidence that the respondent had predicted that the buildings would burn and had tried to hire others to burn them.

The attempt to burn the house was also admissible as tending to show that the fire by which the barn was burned was incendiary.

The evidence of the State, although wholly circumstantial, tended to prove the respondent's guilt, and the court properly refused to direct a verdict.

PROSECUTION for arson. Trial by jury at the December Term, 1896, Addison County, *Tyler*, J., presiding. Verdict, guilty. The respondent excepted.

*W. W. Ryder* and *D. J. Foster* for the respondent.

*F. L. Fish*, State's Attorney, for the State.

THOMPSON, J. The respondent was convicted of arson by having procured one Brown to burn the barn of one Labor. Against the exception of the respondent, the State was permitted to show that about six weeks prior to the time

when the barn was burned, the ell part of Labor's dwelling house, on the same premises, was set on fire.   This evidence was admitted in connection with other evidence on the part of the State tending to show that before the fire in the ell part, the respondent had predicted that Labor's buildings would burn and had tried to induce and hire other persons to burn them.   The evidence also tended to show that the fire in the ell part was of incendiary origin.   This evidence, with that tending to show a motive on the part of the respondent to commit the crime, had a tendency to connect him with the attempt, and if believed was pertinent upon the question of whether he participated in the burning of the barn—as a part of his scheme to burn all of Labor's buildings, which scheme he had attempted to carry out in the unsuccessful attempt to burn the ell part.   Evidence of previous unsuccessful attempts to commit the same crime for which the respondent is on trial, is admissible.   *State* v. *Ward*, 61 Vt. 181; Stephen's Dig. Ev. (Chase's Ed.) Art. 10, note 2.   The attempt to burn the ell part was also admissible on the question whether the fire by which the barn was burnt was accidental or incendiary in its origin. There was no error in admitting it.

We have carefully examined all the evidence in the case, and find no error in the refusal of the court below to direct a verdict for this defendant.   While the evidence implicating him was wholly circumstantial, yet it disclosed such a motive, threats, declarations and conduct on his part, as tended to prove him guilty of the offense charged.   Standing thus, it was for the jury, not the court, to say whether his guilt was established beyond a reasonable doubt.

> *Judgment that there is no error in the proceedings below and that the respondent take nothing by his exceptions.*