## STATE *v.* THOMAS LEONARD, Appellant.

October Term, 1899.

Present : TAFT, C. J., ROWELL, TYLER, THOMPSON and WATSON, JJ.

Opinion filed January 24, 1900.

*Liquor prosecutions—Former acquittal—*The respondent's dwelling house having been searched for intoxicating liquor and he tried and acquitted for owning, keeping and possessing intoxicating liquor on a complaint, under which the proceedings related to said search, the judgment of acquittal was conclusive that he was not keeping liquor for unlawful sale when the search was made.

*Questions of fact for the jury—*One W. having testified that at two different times on the day of the search he and a companion obtained beer of the respondent, and the testimony of the respondent and his witnesses, uncontradicted, unless by that of W., being that the search was continuous from before the first visit of W. until after his second, it was for the jury to say whether the sales to W. were made before or after the search.

*Husband's liability for misdemeanors of wife—Agency—*A sale of intoxicating liquor made by the wife in the presence of her husband and by his direction is his act. A sale made by the wife in his absence may be his act through her agency. Therefore an instruction to the jury to the effect that the respondent may have been guilty of the acts of the

wife was correct; and it is to be presumed that the charge, not recited in full, explained the circumstances in which he might be so guilty.

*Convictions for selling, etc. intoxicating liquor—Extent of bar.*—Under V. S. 4471, a former conviction of a wife of offenses of selling intoxicating liquor contrary to law is a bar, even in a prosecution against her, only as to the offenses specified in the proceedings upon which judgment was rendered in the former prosecution.

COMPLAINT for selling, furnishing and giving away intoxicating liquor contrary to law. Trial by jury. Bennington County, June Term, 1899, *Munson,* J., presiding. Verdict, guilty of one offense. Judgment on verdict. The respondent excepted.

The specification of the state charged the respondent with unlawful sales of intoxicating liquor at his dwelling house. One of the days specified was July 4, 1896.

On trial one White a witness for the state testified that on said July 4, 1896, at one o'clock in the afternoon, together with one Nugent, he went to the dwelling house of the respondent and that he and said Nugent then each procured of the respondent one glass of beer ; that later in the same day, and at the same place, they each procured another glass of beer of the respondent.

It appeared that on that day officers of the law searched said dwelling house for intoxicating liquor, and that on the same day, and immediately after the search, the respondent was arrested on a charge of owning, keeping and possessing intoxicating liquor on that day with intent to sell, furnish and give away the same without authority and contrary to law. The proceedings in that case related to the search and the respondent was on trial acquitted.

In this case the evidence on the part of the respondent, which was uncontradicted, except so far as it was contradicted by White's testimony above referred to, was to the effect that the officers were engaged in searching said dwelling from a time before that fixed by White as the time of his first visit thereto until after his second visit.

The respondent claimed that the acquittal referred to was a bar as to the offenses which White's testimony tended to show were committed on said July 4, and asked the court to charge the jury that they could not consider such evidence. The court refused so to charge.

Another day designated in the specification of the state was July 4, 1897, and evidence was introduced of one sale on that day by the respondent in person, of one by his wife in his presence, and of another by his wife in his absence, all at the respondent's dwelling house.

It appeared that on July 29, 1898, upon a complaint dated after July 4, 1897, the respondent's wife had, upon her plea of guilty, been convicted of fifteen offenses of selling, furnishing and giving away intoxicating liquor at the respondent's said dwelling house.

The respondent conceded that on July 2, 1894, he had been convicted of selling, furnishing and giving away intoxicating liquor. He testified and introduced other evidence tending to show that since said July 2, 1894, he had not sold, furnished or given away intoxicating liquor in this state. He further testified that since that time he had kept liquor and beer at his house for his own use, and that probably his wife had sold some.

The respondent claimed that he could not, under the evidence, be convicted of any sale made by his wife; that there was a presumption that the sales which the evidence tended to show were made by her personally July 4, 1897, were included in the fifteen sales to which she pleaded guilty July 29, 1898, and that she having paid the penalty therefor the respondent could not be convicted by reason of any such sales.

In the charge the court left the jury at liberty to convict the respondent of any of the sales made by the wife.

*Edward L. Bates,* State's Attorney, for the State.

*Barber & Darling* for the respondent.

TYLER, J.  I.  It appeared that on July 4, 1896, the respondent's dwelling house was searched ; that he was arrested upon a complaint for owning, keeping and possessing intoxicating liquor at his dwelling house, with intent to sell, furnish and give away the same in violation of law, and that he was tried and acquitted.

One White, a witness for the state, testified that about one o'clock in the afternoon of that day he and a companion each obtained a glass of beer of the respondent, and later on the same day obtained another glass.

The evidence on the part of the respondent, which was uncontradicted unless by White's testimony, was that the search for liquor on that day was continued from before White's first visit until after his second visit, and therefore the respondent requested the court to instruct the jury not to consider the evidence of offenses committed by him on that day.

The judgment of the justice's court was conclusive that the respondent was not keeping liquor for unlawful sale when the search was made, but for anything that appears in the case the sales to White and Nugent may have been after the search and arrest.  The testimony of the respondent and his witnesses, though uncontradicted, only *tended* to show that all the sales to White and his companion were before the search, but whether they were in fact before or after was a question of fact for the jury.  The case does not state whether the trial was held on the day of the arrest or subsequently.

As the respondent kept liquor and beer in his house for his own use, he may have made unlawful sales to White and Nugent, after the arrest, from those liquors, or he may have obtained and sold other liquors to them.  His wife may have been the keeper and he the seller as her agent either before or after the arrest.  These were questions of fact, and the court properly denied the request.

II.  The respondent claimed that he could not be convicted of any sales made by his wife on July 4, 1897, for the reason

that on July 29, 1898, she was convicted upon a plea of guilty of fifteen first offenses, upon a complaint dated after July 4, 1897.

The state's evidence tended to show a sale by the respondent at his house on the evening of that day, a sale at the same time and place by the wife in his presence, and a sale by the wife when he was not present. It was a question of fact whether these three sales, if made, were included in the fifteen sales which the wife pleaded guilty to having made.

The judgment against the wife would have been a bar, even in a subsequent prosecution against her, only as to the offenses specified in the proceedings upon which the judgment was rendered. As to other offenses she might have been proceeded against as though they had been committed subsequent to that judgment. V. S. 4471.

If the sale by the wife in the respondent's presence was by his direction then it was his act. The sale by her in his absence may have been his act through her agency, therefore the instruction of the court was correct that the respondent may have been guilty of the acts of the wife.

The charge is not recited in full, but it doubtless explained in what circumstances the respondent might be guilty of unlawful sales by his wife.

*Judgment that the respondent takes nothing by his exceptions ; judgment and sentence.*