### STATE v. JOSEPH MARSHALL.

October Term, 1904.

Present: ROWELL, C. J., MUNSON, START, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 14, 1905.

*Criminal Law—False Pretences—False Personation—Obtaining Property by — Evidence — Similar, Connected Frauds—V. S. 4959 and 4960—Relation—Conviction under Either Section.*

The false personation of another, with the intent thereby to fraudulently obtain property, is a "false pretence," within the meaning of V. S. 4960.

An information alleging that the respondent, by falsely personating a person to whom a bank check was intended to be delivered,

fraudulently obtained said check, charges the offence described in V. S. 4959, and also charges an offence under V. S. 4960.

In a prosecution under such an information, if the State shows that the respondent obtained the check by falsely personating another, and that the check was intended to be delivered to the person so falsely personated, a conviction may be had under V. S. 4959. But if all this is shown, except that it appears that the person so personated had no interest in the check and that it was not intended to be delivered to him, unless he was the respondent, then the respondent may be convicted under V. S. 4960.

A person obtained property in this State by, in a letter written by him without this State, deceitfully representing himself to be another person, and by falsely personating that other person in an interview within this State with the person by whom said letter was received, for whom it was intended, and from whom the property was obtained. *Held*, that thereby the offence of obtaining property by false pretences was committed in this State.

In a prosecution for fraudulently obtaining property by falsely personating another, when it appears that the respondent had referred the person deceived to a book published by R. G. Dun & Co., to determine the rating of the party personated, and that the deceived person had thereupon examined the then current book of R. G. Dun & Co. for that purpose, said book is admissible in evidence.

When several crimes form a part of one transaction, and are part of the same plan, or induced by the same motive, they may be shown in evidence to reduce the probability of innocence.

In a prosecution for fraudulently obtaining a bank draft by falsely personating another, a letter written by the respondent subsequent to the procuring of the draft in question, in which he asked the deceived person to send him a draft for $100, and also the draft sent in compliance with that request, are admissible in evidence, when the other evidence tends to show that the obtaining of this draft was a part of the same fraudulent scheme by which the draft described in the complaint was obtained.

INFORMATION for fraudulently obtaining a bank check by falsely personating another. Plea, not guilty. Trial by jury at the September Term, 1903, Chittenden County, *Tyler*, J. presiding. Verdict, guilty; judgment and sentence thereon.

The respondent excepted.

It appeared that on the 20th day of September, and for some time previous thereto, The O. L. Hinds Co., mentioned in the information, was a corporation organized under the laws of the State of Vermont, and engaged at Burlington, Vt., in the business of manufacturing and selling at wholesale overalls and other wearing apparel; that it employed travelling salesmen in said business, and in September, 1903, was in need of such salesmen to travel for it in Missouri, Kansas, and the Territories; that it advertised in some of the newspapers published in the city of New York for experienced salesmen to travel and sell its goods in said territory; that the respondent, then in the city of New York, answered these advertisements, or some of them, and after making some inquiries, applied for the situation, and was finally employed by said corporation as its travelling salesman in said territory; that all the arrangements, including the negotiations leading up to, and ending in the contract for respondent's services, were by correspondence, and the final contract was executed by the respondent in the city of New York; that the respondent was never in the State of Vermont, except on the occasion when he obtained the check mentioned in the information; that, under the terms of the said contract for respondent's services, the respondent was to travel for said corporation in said territory and sell their goods for a commission of 7% on such sales as he made, and that said corporation was to advance the respondent $160 per month for travelling expenses, which was to apply on the sums due him as commissions on such sales.

The evidence of the State tended to show that said corporation knew nothing of the respondent, or of any Joseph H. Marshall, previous to said correspondence with the re-

spondent; that pending the execution of the final contract of employment, and during the negotiations for his employment, and in response to inquiries by O. L. Hinds Co. for information as to who respondent was, and what was his financial standing, the respondent wrote to said corporation that he was Joseph H. Marshall of Atlantic, Iowa; that he had large property interests in that place, and in certain other places; that The O. L. Hinds Co. might refer to the book published by R. G. Dun & Co. for the purpose of ascertaining the rating of Joseph H. Marshall of Atlantic, Iowa, who the respondent said he was.

The evidence of the State tended to show that said corporation, previous to the employment of the respondent, made diligent inquiry as to the standing of Joseph Marshall of Atlantic, Iowa, whom it supposed the respondent to be; that it consulted the current book of · R. G. Dun & Co., to determine the rating of said Joseph H. Marshall of Atlantic, Iowa, and corresponded with several parties to whom it was referred by the respondent, for the same purpose; that this investigation by said corporation convinced it that Joseph H. Marshall of Atlantic, Iowa, stood very high, and was such a man as they wanted to employ.

The evidence of the State tended to show that there was a Joseph H. Marshall of Atlantic, Iowa, who answered in every particular to the man whom said corporation supposed it had employed, but that the respondent was not that person; that the respondent had no business relations in Atlantic, Iowa, and that he had fraudulently personated said Joseph H. Marshall, for the purpose of procuring property from said corporation.

The evidence of the State further tended to show that, on the 21st day of September, 1903, and after said contract of employment was executed, and in compliance with the

request of said corporation, the respondent went to Burlington, Vt., to receive instructions, and become acquainted with the stock carried by said corporation, previous to beginning his work as salesman in said territory; that while at said Burlington on this occasion, in a conversation with the president of said corporation, the respondent spoke of his business in Atlantic, Iowa, and of a store he had there which his brother was in charge of; that on this occasion, at said Burlington, respondent obtained the check mentioned in the indictment, as the first instalment of his travelling expenses, under said contract; that said check was for the sum of $100, drawn by said corporation, by its president, on a bank in said Burlington, and was procured to be cashed by the respondent in Burlington, Vt.

The evidence of the State further tended to show that some time after respondent had left said Burlington, he made a requisition upon said corporation for another hundred dollars; that he asked for this in a letter written from St. Louis, Mo., in which letter the respondent represented that he had entered upon said business of salesman, and gave some account of his success, and of the expenses wherewith he had used up the $100 obtained on the check described in the information. Under the exception of the respondent, the State was allowed to put in evidence, this letter, and the draft of $100 which was sent the respondent by said corporation in response to said requisition.

It appeared that the real Joseph H. Marshall, of Atlantic, Iowa, had no interest in the check described in the information, and that it was not intended to be delivered to him, unless he was the respondent.

*V. A. Bullard* for the respondent.

The offence charged in the information is that named in V. S. 4959. It is not the crime of obtaining property by "false pretences," which is described in V. S. 4960. The State, under this information, must show that the check in question was intended to be delivered to the party personated. Because it appeared that the person personated had no interest in the check, and it was not intended to be delivered to him, the motion of the respondent that a verdict of acquittal be ordered should have been granted. 12 Am. & Eng. Enc. 787; *Kirtley* v. *State,* 38 Ark. 542; *Jones* v. *State,* 22 Fla. 532; *Goodson* v. *State,* 29 Fla. 511, 30 Am. St. Rep. 135; *Williams* v. *State,* 49 Ind. 367; *U. S.* v. *Curtain,* 43 Fed. Rep. 433.

The contract was made in the State of New York, hence no crime was committed in this State. 12 Am. & Eng. Enc. 1244; *Rex* v. *Buttery,* 10 E. C. L. 215; *People* v. *Higbee,* 66 Barb. 134.

*Alfred L. Sherman,* State's Attorney, for the State.

START, J. At the close of the evidence, the respondent moved for a verdict of acquittal, for that the crime charged, if committed, was not committed in Vermont but in the State of New York, and because the person personated had no interest in the check which the respondent procured of The O. L. Hinds Co., and the same was not intended for him. The information, as amended, charges that Joseph H. Marshall of Burlington in the county of Chittenden, on, to wit, the first day of October, 1903, at said Burlington in the county of Chittenden, feloniously, unlawfully and designedly, did falsely personate one Joseph H. Marshall of Atlantic, Iowa, and represent himself to The O. L. Hinds Co., a corporation organized and existing under the laws of the State of Ver—

mont, with main office at Burlington, Vermont, to be the said Joseph H. Marshall of Atlantic, Iowa, and thereupon, did then and there to the said The O. L. Hinds Co. falsely assume the name and person of the said Joseph H. Marshall of Atlantic, Iowa, by means of which false assertion and pretence the said Joseph H. Marshall then and there unlawfully, knowingly and designedly, fraudulently received of The O. L. Hinds Co. a certain order for money commonly called a bank check, which said bank check was dated on the 21st day of September, 1903, and drawn on the Howard National Bank to the order of Joseph H. Marshall, for the sum of one hundred dollars, and signed, "The O. L. Hinds Co., O. L. Hinds, President," which said bank check was of the value of, to wit, one hundred dollars, the monies and goods and chattels of the said The O. L. Hinds Co., which was then and there by the said The O. L. Hinds Co. intended to be delivered to the said Joseph H. Marshall of Atlantic, Iowa, the person so falsely personated, as aforesaid, with the intent of him, the said Joseph H. Marshall, to fraudulently convert the same to his own use, against the will of the said The O. L. Hinds Co., contrary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the State. This information sufficiently charges an offence under V. S. 4960, which provides, among other things, that a person who designedly by false pretences or by a privy or false token and with intent to defraud, obtains from another person money or other property, shall be imprisoned in the state prison not more than ten years, or fined not more than one thousand dollars.

The false personating of another, for the purpose of fraudulently obtaining property, is a false pretence, and, if a person by so personating another obtains property, he does so by false pretence, within the meaning of the statute above

referred to; and, under an information charging the obtaining of property by falsely personating another, one may be convicted for obtaining property by false pretences, for he thereby obtains property by false pretences. In 2 Bishop's New Criminal Law, 152, it is said: "If one represents himself to be another person, whereby he accomplishes a cheat, his visible presence is a token, which if false, is a false token. Indeed a false personation is a false pretence within statutes prevailing everywhere." In *Commonwealth* v. *Drew*, 19 Pick. 179, it is held that the assumption of a fictitious name is a false pretence within the meaning of a statute which provides, that all persons who knowingly and designedly, by false pretence or pretences, shall obtain from any person or persons money, goods, wares, merchandise or other thing, with intent to cheat or defraud any person or persons of the same, shall on conviction be punished as in the statute is specified. The information being sufficient to justify a conviction upon evidence showing that the respondent procured the check from The O. L. Hinds Co. by false pretences, and the evidence having such tendency, the fact that Joseph H. Marshall of Atlantic, Iowa, had no connection with the check, and that the same was not intended for him, unless he was the respondent, if such was the fact, was immaterial, and notwithstanding such fact, the respondent could be rightfully convicted, under the information, of the offence of obtaining the check by false pretences, contrary to the provisions of V. S. 4960. Nor is the fact, that, if it had appeared that Joseph H. Marshall of Atlantic, Iowa, was interested in the check, and that the same was intended for him, the respondent might have been convicted of an offence under V. S. 4959, which provides, that a person who falsely personates or represents another, and in such assumed character receives money or other property intended to be delivered to the party so personated, with intent

to convert the same to his own use, shall be imprisoned in the state prison not more than ten years, or fined not more than five hundred dollars, or both, material; for, as we have seen, the obtaining of property by falsely personating another is obtaining property by false pretences, and, if the state showed that the respondent by such pretences received property intended to be delivered to the party personated, a conviction could be had under section 4959, and failing in this, the respondent could be convicted of an offence against section 4960, if it appeared that he obtained the property by falsely personating another. This last mentioned section, in effect, prohibits the obtaining of property by falsely personating another, and, if the property was not intended for the person personated, the offence is clearly punishable under this section, and under an information charging false personation; therefore, the respondent's motion, in so far as it was based upon the fact that Joseph H. Marshall of Atlantic, Iowa, had no interest in the check and that the same was not intended for him, unless he was the respondent, was properly denied. Nor was the respondent entitled to a verdict of acquittal upon his claim that the offence, if any, was committed in New York and not in Vermont. The material false pretences by the respondent consisted in his falsely representing, in a letter written to The O. L. Hinds Co. from New York and received by the Company at Burlington, Vermont, that he was Joseph H. Marshall of Atlantic, Iowa, and in his coming to Burlington, Vermont, as such Joseph H. Marshall and there, by his presence, after writing The O. L. Hinds Co. that he was Joseph H. Marshall of Atlantic, Iowa, and by his statements to The O. L. Hinds Co., personating said Joseph H. Marshall of Atlantic, Iowa, and thereby procuring from The O. L. Hinds Co. a check of the value of one hundred dollars.* In so doing, the respondent did, in this State, by false pretences, obtain

property contrary to the provisions of our statute, and did thereby subject himself to punishment in this State.

The respondent, in the course of his correspondence with The O. L. Hinds Co., had referred them to a book published by R. G. Dun & Co., for the purpose of showing the commercial rating of Joseph H. Marshall of Atlantic, Iowa, whom he represented himself to be; and The O. L. Hinds Co. had examined the then current book of Dun & Co. for the purpose of ascertaining the rating of Joseph H. Marshall. The book thus examined was received in evidence, subject to the respondent's exception. The respondent having referred to the book of Dun & Co. for his commercial rating, without naming any particular book, it must be taken as a reference to a book which showed his then rating, which was the then current book, and The O. L. Hinds Co., having examined the then current book pursuant to the respondent's suggestion, for the purpose of ascertaining his commercial rating, that book was admissible in evidence for the purpose of showing what representation the respondent made respecting his commercial rating. He, in effect, made the rating which appeared in the book of R. G. Dun & Co. his representation of his financial standing, and that rating was admissible as a representation of his which was relevant to the issues in the case.

The State was allowed, subject to the respondent's exception, to introduce in evidence a letter written by the respondent to The O. L. Hinds Co. subsequent to the procuring of the check mentioned in the information, in which he asked The O. L. Hinds Co. to send him a draft for one hundred dollars; and the draft was sent pursuant to the request. The other evidence tended to show, that the respondent by fraud procured from The O. L. Hinds Co. a contract, by the terms of which they agreed to advance money from time to time to him; that it was the respondent's original plan and scheme

to procure money from time to time from The O. L. Hinds Co. by fraud; and that the letter was written and the draft procured pursuant to his original plan and scheme, and were so far connected with the fraudulent procuring of the check mentioned in the information that they were admissible for the purpose of lessening the probabilities of his being innocent of the crime charged in the information. Where the issue is the fraud or innocence of one in doing an act having the effect to mislead another, it is relevant to show other similar acts of the same person having the same effect to mislead, at or about the same time, or connected with the same subject-matter; and when several crimes form a part of one entire transaction and have some connection with each other, as a part of the same plan or induced by the same motive, they may be shown to reduce the probability of innocence; and for this purpose, subsequent representations are equally admissible with prior ones, for it is the repetition of them that is significant, and a subsequent instance reduces the probability of innocence equally as well as a prior one, and the criminality of prior or subsequent acts or representations does not affect their admissibility, if they are otherwise relevant. Wigmore on Evidence, sections 216, 305, 320.

*Judgment that there is no error, and that the respondent take nothing by his exceptions.*