STATE *v.* MRS. ANTONIO DONALUZZI.

January Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 7, 1920.

*Intoxicating Liquors—Election of Offences—Question Not Raised by Exception to Evidence—Evidence—Commission of Other Crimes—Presumption in Support of Ruling Below—Motion in Arrest of Judgment—Necessary to Specify With Certainty Grounds of Motion—Review Controlled by Questions Raised Below.*

1.  In a prosecution for a specific unlawful sale of intoxicating liquor, the respondent cannot complain in Supreme Court that it was error to admit evidence of sales on other occasions without putting the State to an election, where the exception to the admission of the evidence raises no question as to election of offences.

2.  The general rule that the charge upon which a respondent is being tried cannot be supported by proof of the commission of other offences applies as well to traffic in intoxicating liquor as to other crimes and misdemeanors.

3. In a criminal prosecution, evidence tending to prove a relevant or essential fact, other than the *corpus delicti*, is not rendered inadmissible by the fact that it tends to prove the commission of an independent offence by the respondent.

4. In a prosecution for the unlawful sale of intoxicating liquor, where a State's witness testified that he went to respondent's house and asked for wine, that she told him to go out and split a stick of wood, that when he returned there was a bottle· of wine on the table, and he left fifty cents on the table and departed with the wine, evidence of a prior similar transaction by the witness was admissible as tending to characterize the transaction in question as a sale.

5. It will be assumed in support of the ruling below, the contrary not appearing, that an oral motion in arrest of judgment in a municipal court prosecution was overruled for not complying with Rule 12, City and Municipal Courts, providing that all motions shall be in writing and filed with the judge or clerk.

6. The rule that a motion in arrest of judgment should specify with certainty and definiteness the grounds on which it is based is applicable alike to civil and criminal cases.

7. On a motion in arrest of judgment the review is controlled by the points raised below.

8. The grounds of the motion in arrest of judgment in a reported case were not incorporated into the motion in question by reference to that case.

9. The ground of the motion in arrest that the complaint was insufficient, in that it did not specify the manner in which the alleged unlawful sale of intoxicating liquor was made, was not sufficiently certain and definite to cover the ground that the complaint was defective, in that it was uncertain and could apply equally to other violations of the statute relating to the sale of intoxicating liquor.

COMPLAINT for illegally selling and furnishing intoxicating liquor. Plea, not guilty. Trial by jury in the Barre City Court, *Erwin M. Harvey*, Acting Judge. Verdict, guilty. Judgment on the verdict. The respondent excepted. The opinion states the case.

*Richard A. Hoar* for the respondent.

*Earle R. Davis,* State's Attorney, for the State.

TAYLOR, J.   This is a complaint charging that the respond-ent, at Northfield in the county of Washington, on the first day of June, 1919, "not then and there being a licensee, and not then and there having a license to sell intoxicating liquor, did sell and furnish intoxicating liquor without authority, contrary to the form of the statute," etc.   The respondent was convicted on a jury trial, followed by judgment and sentence.   She brings the case here on two exceptions.

The transaction on which the State relied for a conviction was had with one Benjamin L. Davis.   He was called as a wit-ness by the State and testified in his direct examination in sub-stance that one Sunday night, on or about June 1, 1919, he called at Donaluzzi's house and procured a quart bottle of wine; that when he went into the house he saw the respondent and no one else there; that he asked her if she had anything to drink—if she had any wine; that the respondent told him to go out and split a stick of wood, which he did; that when he came back there was a bottle of wine on the table; that he took the wine, left fifty cents on the table, and went out; that the respondent was not in the room on his return and he had no further talk with her on that occasion.   Against the objection that it was irrelevant and immaterial, the State was then permitted to show by the witness a transaction with the respondent nearly identical in character and circumstances, occurring some three or four weeks before the time in question.   The exception taken to the admission of this evidence is the first one relied upon.

[1-3]   This complaint, as the respondent contends, charges but one offence.   It lacks the *continuendo* "at divers times" authorized by G. L. 6595, and so the provision as to distinct offences found in G. L. 6596 does not apply.   The respondent insists that it was error to admit evidence of sales on other occa-sions, "especially without putting the State to an election as to what occasion it relied upon for a conviction."   But the excep-tion raises no question as to election of offences; besides, it suffi-ciently appears that the State relied for a conviction solely upon the transaction first testified to.   While on a proper complaint a trial and conviction may be had for several distinct offences of the character here involved, the general rule that the charge upon which a respondent is being tried cannot be supported by proof

of his having committed other offences applies as well to offences under the statute relating to traffic in intoxicating liquor as to other crimes or misdemeanors. Ordinarily, proof that a person has been guilty of some other crime furnishes no evidence that he is guilty of the one for which he is being tried. The proof of the other crime under such circumstances is irrelevant and so not admissible. But it does not follow that the court erred in receiving the testimony excepted to. There are certain well established exceptions to the rule not to be lost sight of. Evidence which legitimately tends to support the charge for which the respondent is being tried is not to be excluded on the ground that it tends to show another offence. *State* v. *Kelley,* 65 Vt. 533, 27 Atl. 203, 36 A. S. R. 884. When evidence offered by the prosecution in a criminal action tends to prove a relevant or essential fact, and is competent for that purpose, the circumstance that it also tends to prove an independent offence does not render such evidence inadmissible. Note, 62 L. R. A. 198, and cases cited. It is competent for the prosecution to put in evidence all relevant facts and circumstances which tend to establish any of the constitutive elements of the crime of which the respondent is accused in the case on trial, even though such facts and circumstances tend to prove that he has committed other crimes. 8 R. C. L. 199.

The question in one form or another has frequently been before the Court. Some of the cases, classified according to the reason assigned for holding such evidence admissible notwithstanding the general rule, are as follows: As showing intent, purpose, or motive: *State* v. *Sargood,* 80 Vt. 412, 68 Atl. 51, 130 A. S. R. 992; *State* v. *Louanis,* 79 Vt. 463, 65 Atl. 532, 9 Ann. Cas. 194; *State* v. *Sargood,* 77 Vt. 80, 58 Atl. 971; *State* v. *Eastwood,* 73 Vt. 205, 50 Atl. 1077; *State* v. *Valwell,* 66 Vt. 558, 29 Atl. 1018; *State* v. *Kelley, supra.* As showing a common plan, scheme, or system: *State* v. *Krinski,* 78 Vt. 162, 62 Atl. 37; *State* v. *Barr,* 78 Vt. 97, 62 Atl. 43; *State* v. *Marshall,* 77 Vt. 262, 59 Atl. 916; *State* v. *Smalley,* 50 Vt. 736. As tending to illustrate, characterize, or explain the act in question: *State* v. *Grace,* 86 Vt. 470, 86 Atl. 162; *State* v. *Krinski, supra; State* v. *Bean,* 77 Vt. 384, 60 Atl. 807; *State* v. *Marshall, supra; State* v. *Leonard,* 72 Vt. 102, 47 Atl. 395; *State* v. *Hallock,* 70 Vt. 159, 40 Atl. 51; *State* v. *Ward,* 61 Vt. 181, 17 Atl. 483; *State* v. *Potter,* 52 Vt. 33; *State* v. *Bridgman,* 49 Vt. 202, 24 A. R. 124. To

show how the business under investigation was conducted and the respondent's connection therewith: *State* v. *Hirsch,* 91 Vt. 330, 100 Atl. 877; *State* v. *Marshall, supra; State* v. *Smalley, supra.*

But it is not merely a question whether the instant case falls within this or that general classification. Where evidence tending to prove another offence is offered, the same considerations arise with respect to its admissibility as upon the offer of other testimony. The controlling question is: Is the evidence relevant—does it tend to prove any fact material to the issues in the case? Note, 105 A. S. R. 980. . If the evidence is admissible on other general grounds, it is no objection to its admission that it discloses other offences, even though they are indictable. *People* v. *Jennings,* 252 Ill. 534, 96 N. E. 1077, 43 L. R. A. (N. S.) 1206. The special difficulty disappears if the evidence is considered strictly upon the ground of its relevancy to the issues on trial, regardless of the fact that it may incidentally show the commission of some other offence. It should be observed in this connection, however, that the evidence of other acts is not admissible to prove the commission of the act complained of—the *corpus delicti.* But, speaking generally, such evidence is admissible in a proper case as a means of identifying the respondent as the perpetrator of the crime; or to show motive, intent, or guilty knowledge on his part, when an issue; or as tending to illustrate, characterize, or explain the act, when capable of more than one construction. *Kahn* v. *State,* 182 Ind. 1, 105 N. E. 385. Among the cases within the exception are those where the act, standing as an isolated instance, might be claimed to be an innocent act, or the result of accident, mistake or inadvertence. Familiar illustrations are to be found in cases of passing counterfeit money, forgery, receiving stolen property, obtaining money under false pretences, embezzlement, and the like. Evidence of similar transactions is always admissible to rebut a defence which would otherwise be open to the respondent. Note, 105 A. S. R. 995, and cases cited.

[4] Obviously the evidence received under exception was relevant in the peculiar circumstances of the case. The act relied upon as constituting a sale of intoxicating liquor was equivocal. It could readily be anticipated that the respondent might take the position, which she later did in her testimony, that there was no sale, but that the wine was taken without her

knowledge or consent. She testified that she placed it on the table for use at the meal she was then preparing and later discovered that it had been carried away by Davis without permission. Indeed, without this testimony the State would have had to meet any claim of innocent purpose that could have been deduced from the act itself. Other transactions of a similar character would tend to show the true nature of the transaction in question and support the State's claim that it was a sale and not an unauthorized appropriation of the liquor by Davis. *Archer* v. *State,* 45 Md. 33, presented a similar question. There the transaction was the sale of cigarettes worth a little more than a cent a piece for ten cents and then the giving of a drink of whiskey by the defendant to the person who made the purchase. Testimony that on other occasions the prosecuting witness and others had bought cigarettes in the defendant's shop for ten cents each, and that each one who got a cigarette also got a drink of whiskey by the defendant's invitation, was held to be admissible as tending to show that the particular transaction for which the defendant was indicted was, in fact, a sale of whiskey and so intended. See, also, 8 R. C. L. 204. As said in *Jaynes* v. *People,* 44 Colo. 535, 99 Pac. 325, 16 Ann. Cas. 787, when evidence of the character under consideration is offered by the prosecutor, good practice requires that he should state the purpose for which it is offered, and that the court, when so requested, should instruct the jury as to the purpose for which they may consider such testimony. The evidence was properly received, and no fault is found with the instructions of the court respecting the use to be made of it. The exception is not sustained.

After verdict the respondent's counsel made an oral motion in arrest of judgment, of which we quote the substance: "I move for an arrest of judgment on account of the complaint, that it is not a good and sufficient complaint under our present law * * * for the reasons that the complaint does not set out the manner in which the alleged sale was made—I cannot refer now to the various sections because there are a dozen different ways and manners in which a person may sell intoxicating liquor and violate the law in regard to intoxicating liquor—and that this complaint doesn't set out any specific way and manner in which it was violated. That it doesn't comply with the law as set forth in the opinion of the Supreme Court in *State* v. *Villa.* I haven't time to set forth the various reasons as set forth in that case, but

I move to arrest the verdict.'' Without more, the court over-ruled the motion and allowed the respondent an exception.

[5-7] This motion, being oral, did not comply with the rule of court, adopted in pursuance of law (G. L. 1645), which provides that all motions shall be in writing and filed with the judge or clerk. Rule 12, City and Municipal Courts. So far as appears, the motion may have been overruled for this reason. The rulings of the municipal court brought up for review are entitled to the same intendments as those of the county court; and we are bound to assume, in support of the ruling, the contrary not appearing, that the motion was denied because not properly presented. But this question aside, the motion did not raise the objection that is urged in this Court. The rule is too well settled to require the citation of authorities that a motion in arrest of judgment should specify the grounds on which it is based. This rule of practice is applicable alike to civil and criminal cases. See 16 C. J. 1264, and the cases there collected. On a motion in arrest the review is controlled by the points raised below. *Massucco* v. *Tomassi,* 80 Vt. 186, 194, 67 Atl. 551.

[8, 9] Though phrased with some repetitions, the ground of the motion stated is that the complaint is insufficient, that is, does not comply with the law, in that it does not specify the manner in which the alleged sale was made. The reference to *State* v. *Villa* adds nothing, as the grounds of the motion there assigned could not thus be incorporated in the motion here. It is not now claimed that the facts alleged do not constitute an offence under the section of the statute upon which the State relies for a conviction (G. L. 6558) ; but it is urged that the complaint is defective in that it is uncertain and could apply equally to other violations of the statute relating to the sale of intoxicating liquor. The point now relied upon was not assigned with the certainty and definiteness required in stating the grounds of the motion, and so cannot be entertained to predicate error in the ruling below.

*Judgment that there is no error in the proceedings and that the respondent take nothing by her exceptions. Let execution be done.*