STATE *v.* HERBERT A. BURROUGHS.

February Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed March 14, 1929.

*J. A. McNamara* for the respondent.

*Wayne C. Bosworth,* State's attorney, for the State.

WILLCOX, J.   Respondent was tried by jury and convicted in the Addison County municipal court upon the complaint of the State's attorney of said county charging the respondent with having violated G. L. 1254, in that said respondent on the 19th day of January, 1928, having control of one Edith Burroughs, a child of school age, neglected to send said child to school as required by law.

The respondent brings the case here on exceptions to the admission of certain evidence and to the charge of the court.

The statute in question under which this conviction was had provides, with certain exceptions not important in this case, that ''a person having the control of a child between the ages of eight and sixteen years shall * * * * * * * cause such child to attend a public school continuously for the full number of days for which such school is held.''

The record in this case shows that in support of the charge, the State offered and was permitted to show, against the objection and exception of the respondent: (a) That the respondent, beginning with January 19, 1928, to and including the day of trial March 31, 1928, except for two days on which said child was absent and properly excused, failed to get the child to school upon time; that she was tardy on all the school days beginning with January 19, and ending with March 31, except the two days mentioned, varying in time from ten minutes to fifty minutes; (b) that said child was absent from school on certain days before January 18, 1928.

Respondent contends that inasmuch as he was charged merely with failure to have said child in attendance on said January 19, it was error to allow the State to prove instances

when said child was either absent or tardy both before or after said 19th of January.

■ ■ The general rule in criminal procedure, that evidence in proof of a distinct, independent offense is inadmissible, is so well recognized in this State and all other states that citation of authority is hardly necessary. *State* v. *Donaluzzi*, 94 Vt. 142, 109 Atl. 57. The record in this case shows that the State was permitted to introduce evidence of offenses independent and distinct from that charged. This was error.

■ The other contention of respondent is that all the State's case shows in support of the complaint was a tardiness of the child; that the statute under which this complaint is brought is not directed against tardiness; that to uphold the contention of the State it becomes necessary to read into the statute a meaning not intended or contemplated by the Legislature.

The word ''continuously'' is defined in Webster's New International Dictionary to mean: ''Without intervening space of time; uninterruptedly.'' The word ''tardy'' is therein defined to mean: ''To be late; not being in season; dilatory.''

With these definitions in mind, if the statute in question is literally construed, a parent incurs the penalty who keeps his child from school a single day or for a part of a day, however justifiable or imperative it may be. We cannot construe the statute to give it such a sweeping effect. In this view, it is wholly reasonable to hold that the words ''continuously for the full number of days for which such school is held,'' were used by the Legislature and intended for the purpose of establishing a compulsory attendance period in a general sense, and had no reference to tardiness or even a temporary absence not inconsistent with the general design of requiring compulsory attendance of all pupils within the age limits prescribed; but left tardiness or even temporary absences to be regulated and dealt with by the constituted school authorities.

■ Nothing in the record shows that the court limited the use the jury might make of proof of absences before the respondent was notified to have the child in question in attendance. For aught we can say, the conviction was based upon such proof alone. General Laws, section 1258, expressly makes notice to the person having charge of a child required to be in attendance and failure to have such a child in attendance thereafter a

condition precedent to instituting such a proceeding as this; and prosecutions thereunder can be maintained only for infractions of the statute incurred after such notice.

This view of the statute disposes of the rulings of the court below, and makes it necessary to reverse the case. *State* v. *Jackson*, 71 N. H. 552, 53 Atl. 1021, 60 L. R. A. 739; 35 Cyc. 1123.

*Reversed and remanded.*