# State *v*. Martha Vadney.

May Term, 1936.

Present: Powers, C. J., Slack, Moulton, Thompson and Sherburne, JJ.

Opinion filed October 6, 1936.

*E. E. Moore* and *James Brownlee* for the respondent.

*Alban J. Parker*, State's attorney, for the State.

POWERS, C. J.   This respondent was acquitted of the charge of adultery, but convicted of being found in bed with another woman's husband under the circumstances specified in P. L. 8602.

■ There was direct and positive evidence against her, and it tended to show that her occupancy of the same bed with Fred Hall was a part of the regular routine of their household.   So the verdict was justified and the motion to set it aside was properly overruled.

■ The information charged that the offense of which the respondent was convicted was committed on February 1, 1935. Subject to her exception, evidence was admitted tending to show that she was seen in bed with Hall on various occasions several weeks prior to the date so specified.   No error resulted.   Time is not of the essence of the crime here in question, and the allegation of a particular date does not restrict the evidence to that date; and a conviction may be had for an offense committed on any date prior to the one alleged, provided it is within the statutory period of limitations.   *State* v. *Whipple*, 57 Vt. 637, 639; *State* v. *White*, 70 Vt. 225, 229, 39 Atl. 1085; *State* v. *Truba*, 88 Vt. 557, 559, 93 Atl. 293.   Nor was the fact that this evidence tended to establish another crime necessarily determinative of its admissibility.   It all depends upon the relevancy of such evidence.   *State* v. *Donaluzzi*, 94 Vt. 142, 146, 109 Atl. 57.   Any fact is relevant, which, if established, affords the basis of a rational inference of the existence of the fact to be proved. *Tufts* v. *Chester*, 62 Vt. 353, 356, 19 Atl. 988; *Gilfillan* v. *Gilfillan's Est.*, 90 Vt. 94, 101, 96 Atl. 704.   It is generally held that when the charge is of a sex offense, evidence of the previous illicit relations of the parties is relevant and admissible.   Such cases come within the well-established exception to the general rule that in the trial of criminal cases the evidence is to be confined to the particular act charged.   This has long been the rule of this jurisdiction.   *State* v. *Bridgeman*, 49 Vt. 202, 210, 211,

24 A. R. 124; *State* v. *Potter*, 52 Vt. 33, 41; *State* v. *Kelley*, 65 Vt. 531, 536, 27 Atl. 203, 36 A. S. R. 884. For the reasons stated in the Bridgeman case, we hold that the evidence regarding the previous relations of these parties was properly received, and that it was not objectionable for the reason that it disclosed other criminal offenses. See *State* v. *Eastwood*, 73 Vt. 205, 207, 50 Atl. 1077. It is to be remembered, however, that the particular offense charged could not have been established by this evidence alone. To make it admissible, there must have been other evidence of the *corpus delicti*. *State* v. *Donaluzzi*, 94 Vt. 142, 146, 109 Atl. 57. As we have seen, such evidence was produced at the trial below. The previous acts of intimacy were corroborative circumstances in aid of the direct evidence of the offense charged. *Alsabrooks* v. *State*, 52 Ala. 24; *State* v. *Wheeler*, 104 N. C. 839, 10 S. E. 491.

The court charged the jury as follows: "It is not necessary, in order to constitute this offense, that the respondent should have sexual intercourse with her companion; it is not necessary that you should find even that she actually had the intention to do so; it is enough if the two were found in bed together under such circumstances as would afford a presumption that they had that intention." To this instruction, the respondent excepted.

It is established that in cases where a certain evil intent accompanying an act is necessary to make that act a crime, such intent must be alleged in the indictment or information, and must be proved. *State* v. *Wilson*, 80 Vt. 249, 254, 255, 67 Atl. 533. So if the statute here in question provided that the two persons referred to were to be found in bed together intending to commit the crime of adultery, such evil intent would be necessary to make their act criminal, and it would have been necessary to allege and prove it. But such is not the language of the statute. It provides punishment for those who are found in bed together, if the circumstances are such as to warrant a presumption that they intended to commit an act of adultery. The indictment or information must specify the illicit intent inferable from the circumstances, *State* v. *Miller*, 60 Vt. 90, 92, 12 Atl. 526, but it need not specifically charge that this intent existed, and this fact need not be proved. All that is required is to show a presumption that it existed. As was said in the recent case of *State* v. *Woods*, 107 Vt. 354, 357, 179 Atl. 1, the purpose of the statute is to discourage the commission of the crime of

adultery. The Legislature was content to leave the statute in such shape that an actual intent need not be proved. The charge embodied a correct statement of the law, and the exception thereto avails nothing.

The respondent excepted "severally" to "the failure of the court to charge as requested in her requests to charge, submitted before argument, numbered one to twelve, both inclusive." That such exceptions are too general to be availing was made plain by Haselton, J., in *In re Bean's Will*, 85 Vt. 452, 464, *et seq.*, 82 Atl. 734, and by many cases since decided by this court.

The respondent has brought a petition for a new trial based upon evidence alleged to be newly discovered. This evidence is impeaching in character, only; and that kind of new evidence does not, ordinarily, afford a proper basis for a new trial. *Campbell* v. *Hyde,* 1 D. Chip., 65, 71; *Lawson* v. *Crane & Hall,* 83 Vt. 115, 119, 74 Atl. 641; *Bradley* v. *Kelley,* 105 Vt. 478, 490, 168 Atl. 554. We find nothing in the evidence here in question that should take this petition out of the general rule.

*Exceptions overruled and judgment affirmed. Let execution be done. Petition for new trial dismissed.*