## State of Vermont v. Frank J. Berard, Jr.

[356 A.2d 514]

No. 224-74

Present: Barney, C.J., Smith, Daley and Larrow, JJ. and Keyser, J. (Ret.), Specially Assigned

Opinion Filed April 6, 1976

221

*M. Jerome Diamond*, Attorney General and *Phoebe Morse*, Assistant Attorney General, Montpelier, for the State.

*Langrock and Sperry*, Middlebury, for Defendant.

**Barney, C.J.** This is an appeal from the denial of a new trial moved for in accordance with V.R.Cr.P. 33, and based on the ground of newly discovered evidence. The original trial convicted the defendant of murder in the first degree of one Robert Lestage. See *State* v. *Berard*, 132 Vt. 138, 315 A.2d 501 (1974). The motion was brought after this Court had affirmed the conviction on appeal.

The evidence relates to one of the weapons used in the murder. It seems that, according to ballistics tests, a certain .22 caliber revolver was used in another homicide, as yet unresolved, sometime between October, 1972, and January, 1973, with one Fitzgerald as the victim. During this entire time the defendant Berard was securely in custody.

In the Berard trial this same .22 caliber pistol was ballistically demonstrated to have been the weapon from which certain bullets found in Lestage's body were fired. A certain Blanchard testified to possession of the pistol from a time shortly after the Lestage killing on August 13, 1972, to sometime in October, 1972, when the gun was turned over to the police. The testimony of another witness named Bartlett was also involved in accounting for the gun in this particular period. In argument before this Court on a previous motion, the assistant attorney general who prosecuted Berard indicated his "gut feeling" was that Bartlett or Blanchard, or both, did not testify truthfully at that trial, but that he had no evidence to establish that as a fact.

The lower court found all these facts and determined that the newly discovered evidence was, at best, impeaching of the Blanchard testimony, which was itself collateral to the issue of

Berard's guilt or innocence. The court also found that it was possible for this newly discovered evidence to be reconciled with the testimony given at the Berard trial. For these reasons it refused to grant a new trial.

■ One of the challenges made by the defendant to the denial of his motion for a new trial is couched in constitutional terms. He takes the position that the test of our cases relating to the probability of a different result, as pointed out in *State* v. *Ciocca*, 126 Vt. 184, 185–86, 225 A.2d 65 (1966) and *State* v. *Jackson*, 126 Vt. 250, 256, 227 A.2d 280 (1967) violates his right to have the evidence measure up to proof beyond a reasonable doubt.

It is everywhere acknowledged that the granting of a new trial is, in origin, a legislatively generated privilege and subject to the conditions imposed by enactment. The litigant has already had his trial, subject to the reasonable doubt standard. The issue now is whether there exist sufficient substantive matters to move the judge's discretion to grant the special relief of a new trial, consistent with the objectives of the remedy. The reasonable doubt standard is not applicable and the decision is for the appropriate judicial officer. *State* v. *McSheffrey*, 131 Vt. 329, 333, 306 A.2d 702 (1973). This test is recognized in *United States* v. *Johnson*, 327 U.S. 106, 111–12 (1946), which makes no reference to the applications of the reasonable doubt standard.

■ To prevail on a motion for a new trial, the moving party has the responsibility of establishing, to the satisfaction of the trial court, several propositions. If the ground is asserted as one of newly discovered evidence, it must be truly new and not merely undiscovered because of lack of diligence. *State* v. *Brown*, 122 Vt. 59, 63, 163 A.2d 845 (1960). That this evidence is new, in that sense, and that there was no lack of diligence on the part of the defendant with respect to it is unchallenged.

Next, as already noted, the moving party must demonstrate that this new evidence is of such character that it will give reasonable assurance that it will work a different result upon a retrial. *State* v. *Ciocca, supra,* 126 Vt. at 192. Closely related to this requirement is the condition that the evidence must be

something other than merely cumulative or only of impeaching effect. *State* v. *Jackson, supra,* 126 Vt. at 254–55. These rules have been a part of our law for many years. See, e.g., *State* v. *Doherty,* 72 Vt. 381, 403, 48 A. 658 (1900); *Rogers* v. *State,* 77 Vt. 454, 488, 61 A. 489 (1905); *State* v. *Vadney,* 108 Vt. 299, 303, 187 A. 381 (1936).

To meet these requirements, the defendant argues that the test should be phrased as one involving whether or not the new evidence might have led to an acquittal. Taken substantively, this is not very different from the test as approved by our cases. But, as argued by the defendant, it becomes a very different and unacceptable proposition.

In effect, it is being argued that any change in the evidentiary picture which, on retrial, might persuade a juror that he was in doubt should be enough to generate a new trial. To agree to that proposition could only lead to endless relitigation on some pretext or other. The speculative nature of the impact of any happening at trial on the mind of a juror is not sufficient to put aside a trial fairly conducted.

Many circumstances, some irrelevant, some outside the trial itself, may influence jury deliberations. Even whimsical matters may, on occasion, tip the persuasive scales. But their impact is a matter of unavoidable chance, not of right. The significance is that these random influences are part of the risks of the trial process, presumably falling indeterminately on all parties. Nor would they be duplicated in their impact upon a new trial. Yet, it could be said that they might bear on the jury's state of mind so as to influence a finding of reasonable doubt, or lack of it.

The point is that it takes more than that kind of potential impact to justify a retrial. As was stated in a recent civil case by Justice Griffith in *Greenland* v. *Ford Motor Co.,* 115 N.H. 564, 347 A.2d 159, 164 (1975), "[P]laintiffs are not entitled to have their cases presented in the most appealing fashion but only in the correct fashion." He goes on to say, "[P]laintiffs are not entitled to have a jury determine issues on irrelevant and illogical considerations."

It cannot be denied that this may and does happen, but the significant thing is that it is not an entitlement, but merely, in the case of a " not guilty" verdict so based, a fortuity. It is for these reasons that the standards for new evidence justifying a

new trial exist. The rational and legally significant basis for anticipating a justifiable change in the result must be made to appear. The court below found that the defendant had not met this test.

■ This decision is properly one to be made by the lower court, supported by a rational view of the evidence. When that support appears, and the discretion of that court is exercised on reasonable and tenable grounds, as is the case here, this Court will not intervene. *State* v. *Morrill*, 127 Vt. 506, 510, 253 A.2d 142 (1969).

*The judgment denying the motion for a new trial is affirmed.*