## State of Vermont v. Pauline Patrick

[485 A.2d 133]

No. 82-128

Present: Hill, Underwood, Peck and Gibson, JJ., and Keyser, J. (Ret.), Specially Assigned

Opinion Filed October 26, 1984

*Philip H. White,* Orleans County State's Attorney, Newport, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, *William A. Nelson,* Appellate Defender, Montpelier, and *Jean A. Swantko,* Public Defender, St. Johnsbury, for Defendant-Appellant.

**Per Curiam.** The defendant appeals her conviction for petit larceny in violation of 13 V.S.A. § 2502. Following a trial by jury, the defendant was found guilty on December 4, 1981, and sentenced on January 19, 1982. A notice of appeal was filed on January 25, 1982, but was later withdrawn. The defendant then filed a motion for a new trial based on newly discovered evidence on February 24, 1982. Three days later, following a hearing on this motion, it was denied. A notice of appeal was again filed on March 3, 1982, appealing the judgment of the District Court.

V.R.A.P. 4 precludes this Court from hearing the appeal from the judgment. The defendant withdrew her notice of appeal and did not refile it until 43 days after the entry of judgment. V.R.A.P. 4 allows for an extension of time within which to file a notice of appeal if there is a denial of a motion for a new trial based on newly discovered evidence. However, the rule requires that the motion for a new trial be filed within 30 days after the entry of judgment. The defendant failed to make her motion for a new trial within the thirty-day period. Therefore, the time for filing a notice of appeal was not extended, and the notice of appeal was untimely filed. This Court is thus without jurisdiction to review the judgment. See *State v. Savo,* 136 Vt. 330, 338 A.2d 391 (1978) ; V.R.A.P. 4.

The appeal of the denial of the motion for a new trial based on newly discovered evidence is properly before this Court. The motion was brought in a timely manner pursuant to V.R.Cr.P. 33, and the appeal therefrom was filed within 30 days of the denial of the motion, as required by V.R.A.P. 4. A review of the evidence, however, reveals that the trial court properly denied the motion. To prevail on such a motion, the evidence "must be truly new and not merely un-

discovered because of lack of diligence." *State* v. *Berard,* 134 Vt. 220, 222, 356 A.2d 514, 515 (1976). In the instant case, the defendant sought only to compel the State to reveal the identity of a potential witness. This was a request for additional discovery and not a presentation to the court of any newly discovered evidence. The motion, therefore, was properly denied.

*The appeal of the judgment on the verdict is dismissed. The judgment denying the motion for a new trial is affirmed.*